**Caption in Compliance with D.N.J. LBR 9004-1**

HERRICK, FEINSTEIN LLP
Steven B. Smith
Avery S. Mehlman
Rachel H. Ginzburg
2 Park Avenue
New York, NY 10016
(212) 592-1400
ssmith@herrick.com
amehlman@herrick.com
rginzburg@herrick.com

*Attorneys for Plaintiff Cosmopolitan Food Group, Inc.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF JERSEY

| | |
|---|---|
| In re<br><br>BARIS A. KANTARCI,<br><br>Debtor. | Case No. 20-23720-SLM<br><br>Chapter 7<br><br>Honorable Stacey L. Meisel |
| COSMOPOLITAN FOOD GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>BARIS A. KANTARCI<br><br>Defendant. | Adv. No. 21-01214 |

**CERTIFICATION IN SUPPORT OF ENTRY OF FINAL
JUDGMENT BY DEFAULT AGAINST DEFENDANT BARIS A. KANTARCI**

HF 13826444v.2

I, Steven B. Smith, hereby declare, under penalty of perjury, that the following is true and correct to the best of my information and belief:

1. I am a member of the law firm of Herrick, Feinstein LLP, which maintains offices for the practice of law at, among other places, 2 Park Avenue, New York, NY 10016. I am an attorney at law admitted in, practicing in, and a member in good standing of the bar of the District of New Jersey. My firm is the attorney of record for the plaintiff, Cosmopolitan Food Group, Inc. ("Plaintiff").

2. I make this certification in connection with Plaintiff's motion for default judgment against the debtor, Baris A. Kantarci ("Defendant" or "Kantarci") in compliance with D.N.J. LBR 7055-1.

3. On March 23, 2021, Plaintiff filed the *Complaint Objecting to Dischargeability of Debt Under 11 U.S.C. § 523 and for Related Relief* (ECF No. 1) (the "Complaint").[1]

4. On March 24, 2021, the Court issued the *Summons and Notice of Pretrial Conference in an Adversary Proceeding* (ECF No. 3)[2] (the "Summons"), directing Defendant to submit a motion or answer to the Complaint within 30 days after the date of issuance of the Summons—*i.e.*, April 23, 2021.

5. Defendant was served with a copy of the Summons, Complaint, and Notice of Pretrial Conference by certified and return receipt requested mail on March 25, 2021.[3] Upon information and belief, the Summons, Complaint, and Notice of Pretrial Conference were delivered to Defendant on March 26, 2021 at 12:18 p.m.[4]

---

[1] A true and correct copy of the Complaint is attached hereto as **Exhibit A**.
[2] Earlier on March 24, 2021, the Court issued a *Summons and Notice of Pretrial Conference in an Adversary Proceeding* that was dated March 23, 2021. *See* ECF No. 2. That summons was withdrawn and replaced by the Summons.
[3] A true and correct copy of the Certified Mail Receipt for service on Defendant is attached hereto as **Exhibit B**.
[4] A true and correct print-out of the USPS website indicating delivery to Defendant is attached hereto as **Exhibit C**.

HF 13826444v.2

6. Defendant's bankruptcy counsel was served with a copy of the Summons, Complaint, and Notice of Pretrial Conference by certified and return receipt requested mail on March 25, 2021.[5] Defendant's bankruptcy counsel was served at two different addresses.[6] Upon information and belief, the Summons, Complaint, and Notice of Pretrial Conference were delivered to Defendant's bankruptcy counsel on or around March 27, 2021 at 11:51 a.m. and April 2, 2021 at 10:49 a.m.[7]

7. Defendant's bankruptcy counsel also received a copy of the Summons, Complaint, and Notice of Pretrial Conference via e-mail at rudikhlawgroup@gmail.com on March 24, 2021.[8]

8. Defendant failed to answer, plead, or otherwise defend the Complaint prior to the April 23, 2021 deadline.

9. On April 27, 2021, Plaintiff filed the *Request for Entry of Default Against Baris A. Kantarci* (the "Request for Entry of Default").[9]

10. On April 28, 2021, the Court entered default against Defendant (the "Entry of Default").[10]

11. On April 29, 2021, Defendant and his bankruptcy counsel were served with the Request for Entry of Default via regular mail.[11]

12. On May 5, 2021, Defendant and his bankruptcy counsel were served with the Entry

---

[5] True and correct copies of the Certified Mail Receipts for service on Defendant's bankruptcy counsel and the return receipts are attached hereto as **Exhibit D**.
[6] *See* Exhibit D. Defendant's bankruptcy counsel was served at (i) 14 Woodward Drive, Old Bridge, NJ 08857, which is the address indicated on the bankruptcy docket and (ii) 223 Route 18 South, Suite 204, East Brunswick, NJ 08816, which is the address listed for Defendant's bankruptcy counsel on Defendant's bankruptcy petition.
[7] True and correct copies of the USPS website indicating delivery to Defendant's bankruptcy counsel at two different addresses are attached hereto as **Exhibit E**.
[8] A true and correct copy of the e-mail sent to Defendant's bankruptcy counsel by Rachel Ginzburg, an associate at Herrick, Feinstein LLP, is attached hereto as **Exhibit F**.
[9] *See* ECF No. 9.
[10] *See* ECF No. 10.
[11] *See* Certificate of Service (ECF No. 12). Defendant's bankruptcy counsel was again served at two different addresses, but mail sent to bankruptcy counsel's East Brunswick address was returned.

HF 13826444v.2

of Default via regular mail.[12]

13. To date, Defendant has failed to answer, plead, or otherwise defend the Complaint. Defendant has not moved to vacate the Default.

14. Upon information and belief, Defendant is not in the military service of the United States of America, as evidenced by the Military Status Report obtained from the Department of Defense Manpower Data Center in accordance with the Servicemen's Civil Relief Act of 2003.[13]

15. Upon information and belief, Defendant is neither a minor nor an incompetent person.

16. Plaintiff now requests that Default Judgment be entered against Defendant.

*/s/ Steven B. Smith*
Steven B. Smith

---

[12] *See* Certificate of Service (ECF No. 13).
[13] A true and correct copy of the Military Status Report is attached hereto as **Exhibit G**.

HF 13826444v.2