# Exhibit A

**Caption in Compliance with D.N.J. LBR 9004-1**

HERRICK, FEINSTEIN LLP
Steven B. Smith
Avery S. Mehlman
Rachel H. Ginzburg
2 Park Avenue
New York, NY 10016
(212) 592-1400
amehlman@herrick.com
ssmith@herrick.com
rginzburg@herrick.com

*Attorneys for Plaintiff Cosmopolitan Food Group, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF JERSEY**

| | |
|---|---|
| In re | Case No. 20-23720-SLM |
| BARIS A. KANTARCI, | Chapter 7 |
| Debtor. | Honorable Stacey L. Meisel |
| COSMOPOLITAN FOOD GROUP, INC. | |
| Plaintiff, | Adv. No. 21-01214-SLM |
| v. | |
| BARIS KANTARCI | |
| Defendant. | |

**COMPLAINT OBJECTING TO DISCHARGEABILITY OF**
**DEBT UNDER 11 U.S.C. § 523 AND FOR RELATED RELIEF**

Plaintiff Cosmopolitan Food Group, Inc. ("CFG" or the "Company"), by and through its

attorneys, Herrick, Feinstein LLP, hereby files this *Complaint Objecting to Dischargeability of*

1

*Debt Under 11 U.S.C. § 523 and For Related Relief* (the "<u>Complaint</u>"), and in support thereof,

states as follows:

## Nature of the Action

1.      The United States Bankruptcy Code was designed to help honest debtors suffering

from financial distress to obtain a fresh start. Section 523 of the Bankruptcy Code ensures that

debtors who behave fraudulently do not enjoy the benefits of this system.

2.      Here, CFG discovered that Baris Kantarci, the debtor and the Company's former

President, had sexually harassed a female employee so egregiously that she quit after just five days

on the job. CFG further discovered that Kantarci was illegally importing energy drinks using his

position as CFG's President, not only benefiting at the Company's expense, but also jeopardizing

the Company's reputation and privileges with United States Customs. Based on these facts, the

Company brought a lawsuit against Kantarci  and obtained a default judgment for $596,186.06.

3.      The one question before the Court is this: Should a debtor who owes a debt because

he sexually harassed an employee and defrauded a company that he owed fiduciary duties to

benefit from a discharge of that debt? CFG submits that the answer is no. Kantarci's debt is the

paradigmatic example of a non-dischargeable debt.

## Jurisdiction and Venue

4.      The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§

157(b)(2)(I) and 1334(b).

5.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). CFG consents to the

entry of final orders or judgment by this Court if it is determined that consent of the parties is

required by this Court to enter final orders or judgment consistent with Article III of the United

States Constitution.

HF 13677272v.7

6.    Venue of this case and this adversary proceeding in this District is proper under 28 U.S.C. §§ 1408 and 1409.

**The Parties**

7.    CFG is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Hoboken, New Jersey. CFG is a multinational company that has been in the olive oil and gourmet foods business for more than 25 years.

8.    Baris Kantarci ("Kantarci" or the "Debtor") is the former President of the Company who, upon information and belief, resides in Weehawken, New Jersey. Kantarci was employed by CFG at its principal place of business in Hoboken, New Jersey, from around September 2010 until around July 2019, when his employment was terminated because he had defrauded the Company and sexually harassed an employee.

**Background**

**A.  CFG hired Kantarci to serve as President**

9.    CFG supplies large supermarket chains such as Walmart, Shop Rite, Stop & Shop, HEB, Winn Dixie, Bi-Lo, Shaws, Market Basket, Delhaize Group, Burlington, Albertsons, and TJX Companies in the United States with products that it produces through four plants in the Aegean Region of Turkey, the main agricultural area of the country of Mediterranean style food. Today, CFG is on 7 continents, with 3 warehouses and 4 sales offices. CFG sells its products worldwide in more than 60 countries.

10.   Around September 2010, CFG hired Kantarci, who served as the President of the Company at CFG's Hoboken location, with all employees in that office reporting to him.

**B.  Kantarci sexually harassed a subordinate employee, which resulted in her quitting her job and eventually suing CFG**

11.   In February 2019, a former employee (the "Former Employee") filed a lawsuit (the

3

"Sexual Harassment Lawsuit") against CFG for sexual harassment (the "Sexual Harassment")

committed against her by Kantarci while he was the President of CFG.

12.    The story begins on January 8, 2019, when the Former Employee began her

employment with CFG.[1] The Sexual Harassment Lawsuit alleged that from the day the Former

Employee began working for CFG, Kantarci consistently and repeatedly committed acts of sexual

harassment against her, including not only the making of explicit comments but also inappropriate

and offensive touching like holding her hands, rubbing and kissing her.

13.    On just her fourth day of employment, Kantarci brought her to a strip club while

on a business trip in California, with Kantarci's conduct during the evening being so offensive that

it culminated in her resignation.

14.    The Sexual Harassment Lawsuit further alleged that the inappropriate conduct and

touching resulted in the Former Employee booking an early flight home, and, upon her return to

New Jersey, she filed a police report regarding Kantarci's misconduct.

15.    The Former Employee was only employed by the Company for five days.

16.    The Sexual Harassment Lawsuit alleged counts of "Hostile Work Environment Due

to Sex" against CFG and "Aiding and Abetting Harassment" against Kantarci.

17.    After the Sexual Harassment Lawsuit was filed, the Former Employee provided the

Company with video of Kantarci's conduct.

18.    Upon information and belief, Kantarci received a demand letter (the "Demand

Letter") from the Former Employee's attorney as early as January 2019, but he concealed it from

---

[1] The Sexual Harassment Lawsuit has a public docket in New Jersey state court, but in an effort to protect the victim's privacy and to prevent her name from being published on another docket (especially when such publication will not benefit her in any way), CFG has not attached any pleadings from the Sexual Harassment Lawsuit. CFG does not believe that review of the complaint in the Sexual Harassment Lawsuit is necessary, but to the extent the Court needs to review any filings, CFG can provide such documents to the Court for in-camera review or file such documents on the docket, redacting the victim's name and the case number.

4

CFG. CFG was not aware of the Sexual Harassment until it became a subject of the Sexual Harassment Lawsuit.

19.     Once alerted about the Sexual Harassment that had taken place in February, CFG immediately investigated the allegations. The Company initially relegated Kantarci to working remotely and later terminated his employment.

20.     Initially, Kantarci offered to pay all or part of any settlement or judgment against the Company in an attempt to bargain for his continued employment, but he later withdrew any commitment to pay and did not contribute to any settlement.

21.     The Company settled the Sexual Harassment Lawsuit and the case was closed in September 2019. The Company, however, suffered hundreds of thousands of dollars in damages in connection with settlement, litigation costs, and other fees.

### C.  Kantarci fraudulently imported beverages into the United States using his position as President of CFG

22.      CFG is in the business of importing goods into the United States. Accordingly, CFG maintains shipping privileges with United States Customs and Border Protection ("CPB").

23.     The importation of food and beverages into the United States is a heavily regulated activity. Importers of food products intended for introduction into United States interstate commerce, such as CFG, are responsible for ensuring that the products are safe, sanitary, and labeled according to United States requirements.

24.     Imported food products are subject to scrutinous inspection by the United States Food and Drug Administration (the "FDA").

25.     Beginning around July 2019, the FDA sent a series of Notices of FDA Action to CFG.

26.     After a period of investigation, CFG discovered that Kantarci had unilaterally given

5

CFG's vendor, All-Ways, approval to use the Company's shipping account for the importation of
energy drinks from exporters in Poland, the Netherlands, and South Africa. Kantarci gave his
approval without CFG's knowledge or endorsement, presumptively for his own personal benefit
and with such action exposing CFG to possible legal liability and FDA action.

27.    To date, CFG has uncovered at least seven months (January to July 2019) during
which Kantarci was fraudulently importing goods through the entirely unauthorized use of CFG's
name, resources, and privileges for his own benefit.

28.    Kantarci knew that the Company would not detect his unauthorized use of CFG's
name, resources, and privilege because Kantarci told less senior staff that he was the one dealing
with all documents regarding arrival notices and invoices.

**D.  CFG received a state court judgment against Kantarci**

29.    On December 13, 2019, CFG brought a civil action against Kantarci in the Superior
Court of New Jersey, Hudson County: Law Division (the "State Court"), Dkt. No. HUD-L-
004847-19 (the "State Court Action") to recover substantial damages flowing from Kantarci's
breach of fiduciary duties that Kantarci owed to CFG as an officer, employee, and agent of the
Company, as well as for his fraud and usurpation of corporate opportunity.[2]

30.    On January 14, 2020, counsel for Kantarci at that time, Jon. S. Deutsch, Esq.,
accepted service on behalf of Kantarci and executed an Acknowledgement of Service.[3]

31.    On March 17, 2020, Mr. Deutsch filed a motion to be relieved as counsel ("Motion
to Be Relieved as Counsel") on the grounds that Kantarci failed to cooperate in the defense of the
state court complaint.[4] According to the Motion to Be Relieved as Counsel, Kantarci "failed to

---

[2] The complaint in the State Court Action is annexed as **Exhibit A**.
[3] A copy of the Acknowledgment of Service is annexed as **Exhibit B**.
[4] A copy of the Motion to Be Relieved as Counsel is annexed as **Exhibit C**.

HF 13677272v.7

answer emails, telephone calls and texts" and "failed to send the retainer." The Motion to Be Relieved as Counsel noted that representation of Kantarci was rendered unreasonably difficult by his failure to respond.

32.    On April 24, 2020, the State Court entered an order relieving Mr. Deutsch as counsel (the "Order Relieving Counsel").[5] In the Order Relieving Counsel, the State Court also entered default and gave Kantarci thirty additional days to retain new counsel.

33.    Kantarci never moved to vacate the default entered against him. Accordingly, on August 19, 2020, CFG filed a motion for an order entering final judgment by default against Kantarci (the "Motion for Final Judgment").[6]

34.    On September 11, 2020, the State Court entered a final judgment by default (the "Final Default Judgment") against Kantarci in the amount of $596,186.06.[7] The State Court noted that it had "considered the courtesy copy and exhibits 1 through 4 and Exhibits A through M submitted for in camera review" and that the application was unopposed.

E.    **Kantarci files this bankruptcy case**

35.    On December 18, 2020, Kantarci filed the above-captioned case (the "Chapter 7 Case"). Jeffrey Thomas Testa was appointed the chapter 7 trustee in the Chapter 7 Case.

36.    The deadline to object to the dischargeability of debts under 11 U.S.C. § 523(a)(2), (4), or (6) in the Chapter 7 Case has been set for March 23, 2021. *See Notice of Chapter 7 Bankruptcy Case* (ECF No. 3), at § 9.

**First Cause of Action**
**Nondischargeability of debt due to fraudulent importation of beverages**

37.    CFG repeats and realleges the preceding paragraphs as if fully set forth herein.

---

[5] A copy of the Order Relieving Counsel is annexed as **Exhibit D**.
[6] A copy of the Motion for Final Judgment is annexed as **Exhibit E**.
[7] A copy of the Final Default Judgment is annexed as **Exhibit F**.

7

38.     Kantarci made false representations, including implied misrepresentations and omissions fostering a false impression of material facts, about using CFG's relationship with All-Ways to import energy drinks for his own personal benefit.

39.     Kantarci knew, at all times, that his representations and omissions were false.

40.     Kantarci made the misrepresentation with the intent and purpose of deceiving CFG and with the intent to use CFG's resources for personal gain.

41.     CFG relied on Kantarci's misrepresentation and continued to employ Kantarci in his capacity as President while he was fraudulently using CFG's relationship with All-Ways to import energy drinks for his own personal benefit.

42.     CFG sustained loss and damages as a direct and proximate result of Kantarci's misrepresentations and omissions with respect to the importation of energy drinks, which fostered a false impression of material facts.

43.     CFG is entitled to entry of an order declaring that its claims be excepted from the Debtor's discharge pursuant to section 523(a)(2)(A) of the Bankruptcy Code.

<u>**Second Cause of Action**</u>
**Nondischargeability of debt due to fraudulent actions related to sexual harassment**

44.     CFG repeats and realleges the preceding paragraphs as if fully set forth herein.

45.     Kantarci made false representations, including implied misrepresentations or omissions that fostered a false impression when he failed to tell anyone at CFG about the Sexual Harassment and when he concealed the Demand Letter from CFG.

46.     Kantarci knew, at all times, that his representations and omissions with respect to the Sexual Harassment and Demand Letter were false.

47.     Kantarci made the misrepresentation about the Sexual Harassment and the Demand Letter with the intent and purpose of deceiving CFG, presumably so that he did not lose his position

8

as President of CFG.

48.     CFG relied on Kantarci's misrepresentation with respect to the Sexual Harassment and the Demand Letter and continued to employ Kantarci in his capacity as President because CFG was not aware of the Sexual Harassment or the Demand Letter. Indeed, once alerted to the Sexual Harassment, CFG investigated the allegations and terminated Kantarci's employment in July 2019.

49.     CFG sustained loss and damages as a direct result of Kantarci's misrepresentation with respect to the Sexual Harassment and the Demand Letter.

50.     CFG is entitled to entry of an order declaring that its claims be excepted from the Debtor's discharge pursuant to section 523(a)(2)(A) of the Bankruptcy Code.

## Third Cause of Action
### Nondischargeability of debt due to fraud and defalcation while acting in a fiduciary duty

51.     CFG repeats and realleges the preceding paragraphs as if fully set forth herein.

52.     Kantarci, as President of CFG, acted as a fiduciary with respect to his position at CFG. As part of his duties as President, Kantarci was entrusted with CFG's money, partner connections, and international shipping privileges.

53.     Kantarci committed fraud and defalcation while acting in his fiduciary capacity by using CFG's relationship with All-Ways to illegally ship energy drinks to the United States for his own personal gain.

54.     Kantarci knew that his behavior was improper and would violate the fiduciary duties he owed to CFG.

55.     CFG is entitled to entry of an order declaring that its claims be excepted from the Debtor's discharge pursuant to section 523(a)(4) of the Bankruptcy Code.

## Fourth Cause of Action
### Nondischargeability of debt due to embezzlement

9

56.     CFG repeats and realleges the preceding paragraphs as if fully set forth herein.

57.     Kantarci embezzled CFG's property. Kantarci was entrusted with CFG's money, partner connections, and shipping privileges with CPB, all of which he misappropriated for his own use to illegally ship energy drinks to the United States for his own personal gain. Kantarci misappropriated CFG's property with fraudulent intent, knowing that his behavior was improper and violated the fiduciary duties he owed to CFG.

58.     CFG is entitled to entry of an order declaring that its claims be excepted from the Debtor's discharge pursuant to section 523(a)(4) of the Bankruptcy Code.

### Fifth Cause of Action
### Nondichargeability of debt due to willful and malicious injury caused by Kantarci to CFG by sexually harassing CFG's employee

59.     CFG repeats and realleges the preceding paragraphs as if fully set forth herein.

60.     Kantarci inflicted the Sexual Harassment in such a manner that he was substantially certain that injury would result to the Former Employee and to CFG, as evidenced by the fact that he neither told the Company about his behavior nor told CFG when he received the Demand Letter. Indeed, his actions had the purpose of producing injury to CFG. Kantarci damaged CFG's reputation and CFG had to bear the costs of a settlement with the Former Employee. Kantarci's behavior towards the Former Employee was malicious and committed with wanton and willful disregard of both the Former Employee's person and CFG.

61.     CFG is entitled to entry of an order declaring that its claims be excepted from the Debtor's discharge pursuant to section 523(a)(6) of the Bankruptcy Code.

### Sixth Cause of Action
### Nondichargeability of debt due to willful and malicious injury caused by Kantarci to CFG by illegal importation of goods

62.     CFG repeats and realleges the preceding paragraphs as if fully set forth herein.

10

63.     Kantarci's actions in using CFG's relationship with All-Ways to import energy drinks for his own personal benefit were inflicted in such a manner that he was substantially certain that injury would result to CFG and its property and had the purpose of producing injury to CFG and its property. Kantarci knew that his actions would result in injury to CFG.

64.     CFG is entitled to entry of an order declaring that its claims be excepted from the Debtor's discharge pursuant to section 523(a)(6) of the Bankruptcy Code.

*-Remainder of page intentionally left blank-*

HF 13677272v.7

## Prayer for Relief

**WHEREFORE**, for the foregoing reasons, CFG respectfully requests that the Court:

A.   Enter judgment on the First Cause of Action determining that Kantarci's debt to
CFG is not discharged pursuant to 11 U.S.C. § 523(a)(2)(A);

B.   Enter judgment on the Second Cause of Action determining that Kantarci's debt to
CFG is not discharged pursuant to 11 U.S.C. § 523(a)(2)(A);

C.   Enter judgment on the Third Cause of Action determining that Kantarci's debt to
CFG is not discharged pursuant to 11 U.S.C. § 523(a)(4);

D.   Enter judgment on the Fourth Cause of Action determining that Kantarci's debt to
CFG is not discharged pursuant to 11 U.S.C. § 523(a)(4);

E.   Enter judgment on the Fifth Cause of Action determining that Kantarci's debt to
CFG is not discharged pursuant to 11 U.S.C. § 523(a)(6); and

F.   Enter judgment on the Sixth Cause of Action determining that Kantarci's debt to
CFG is not discharge pursuant to 11 U.S.C. § 523(a)(6).

G.   Enter such other further relief to which CFG may be entitled as a matter of law or
equity, or which the Court determines to be just and proper.

Dated: New York, New York
March 23, 2021

**HERRICK, FEINSTEIN LLP**
*/s/ Steven B. Smith*
Steven B. Smith
Avery S. Mehlman
Rachel H. Ginzburg
2 Park Avenue
New York, NY 10016
(212) 592-1400
(212) 592-1500 (fax)
E-mail: ssmith@herrick.com
        amehlman@herrick.com
        rginzburg@herrick.com

*Attorneys for Plaintiff Cosmopolitan Food Group,
Inc.*

12

# EXHIBIT A

Avery S. Mehlman, Esq., Attorney ID No. 251072017
K. Heather Robinson, Esq. Attorney ID No. 024492006
HERRICK, FEINSTEIN LLP
One Gateway Center
Newark, New Jersey 07102
(973) 274-2000
*Attorneys for Plaintiff Cosmopolitan Food Group, Inc.*

| | |
|---|---|
| COSMOPOLITAN FOOD GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>BARIS KANTARCI<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>HUDSON COUNTY: LAW DIVISION<br><br>DOCKET NO.:<br><br>CIVIL ACTION<br><br>**COMPLAINT** |

Plaintiff Cosmopolitan Food Group, Inc. ("CFG" or the "Company"), by and through its

attorneys, Herrick, Feinstein, LLP, allege and state as follows:

## INTRODUCTION

1.       CFG brings this action to recover from its former President, Baris Kantarci

("Kantarci"), the substantial damages flowing from Kantarci's breach of fiduciary duties, including

the duties of loyalty and good faith, that Kantarci owed to CFG as an officer, employee and agent of

the Company.  CFG also seeks recovery from Kantarci for his fraud and usurpation of corporate

opportunity.

2.       During his tenure with CFG, Kantarci behaved antithetically to any basic

expectations, the Company's policies, and the corporate culture.  Kantarci sexually harassed a

female employee exposing the Company reputationally and financially in a publicly filed lawsuit.

Kantarci additionally used the Company's shipping privileges with United States Customs and

shipping account with its vendor, All-Ways, to ship what appear to be energy drinks into the United

States presumably for Kantarci's personal financial benefit and with such action (*i.e.* the

importation of beverages into the United States) of course further exposing the Company to legal liability. As of the date of this filing, the Company has uncovered at least seven months during which Kantarci made repeated unauthorized shipments using the Company's name and resources.

3.     Kantarci wrongfully and intentionally engaged in these actions and in doing so breached the trust placed in him by the Company and abused his power and his position for his own personal benefit. Kantarci additionally concealed his wrongdoing in utter disregard for his duties and obligations. His misconduct has substantially damaged the Company.

## THE PARTIES

4.     Plaintiff CFG is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Hoboken, New Jersey.

5.     Defendant Kantarci is the former President of the Company who, upon information and belief, resides in Weehawken, New Jersey.

6.     Mr. Kantarci was employed by the Company at its principal place of business in Hoboken, New Jersey, from at or around September 2010 until July 2019, when his employment was terminated for cause.

## BACKGROUND

7.     Cosmopolitan is a multinational company that has been in the olive oil and gourmet foods business for more than 25 years. Today CFG is on 7 continents, with 3 warehouses and 4 sales offices and is selling its products worldwide in more than 60 countries.

8.     CFG supplies large supermarket chains such as Walmart, Shoprite, Stop&Shop, HEB, Winn Dixie, Bi-Lo, Shaws, Market Basket, Delhaize Group, Burlington, Albertsons and TJX Companies in the USA with products that it produces through four plants in the Aegean Region of Turkey, the main agricultural area of the country for Mediterranean style food.

9.     Examples of CFG's products include olive oil, vinegars, salad dressings, bruschetta's, sundried tomatoes, capers and peppers.

10.     In or around September 2010, CFG hired Kantarci, who came to serve as the President of the Company at CFG's Hoboken location, with all employees in that office reporting to him.

**The Sexual Harassment**

11.     In late February 2019, a female employee filed a legal claim for blatant and egregious sexual harassment committed by Kantarci during his employment with the Company.

12.     To wit, the female in issue was employed by the Company for only five days.

13.     During her short tenure, Kantarci consistently and repeatedly committed acts of sexual harassment against her, including not only the making of explicit comments but also inappropriate and offensive touching like holding her hands, rubbing and kissing her.

14.     On just her fourth day of employment, Kantarci brought her to a strip club while on a business trip in California, with Kantarci's conduct during the evening being so offensive that it culminated in her resignation, early flight home, and the filing of a police report in New Jersey. The female employee provided the Company with video of certain of Kantarci's conduct.

15.     CFG was not aware of these issues until it found itself the subject of a lawsuit filed against it.

16.     Indeed, upon information and belief, Kantarci received a demand letter from the victim's attorney as early as January 2019, but concealed it from CFG.

17.     Once alerted to the situation, CFG investigated the allegations.

18.     In attempts to bargain for his continued employment with the Company, Kantarci in the first instance offered to pay all or part of any settlement or judgment against the Company but

thereafter withdrew such commitment. The Company, at any rate, relegated Kantarci to working remotely and thereafter fully and finally terminated his employment as of July 25, 2019.

19.     The Company was able to settle the claims for sexual harassment, with the case in issue being closed in or about September 2019. However, the Company suffered hundreds of thousands of dollars in damages in connection with settlement, litigation costs, and other fees.

**The Unauthorized Importation of Beverages Into The United States**

20.     As stated, CFG is in the business of importing goods into the United States.

21.     As such, CFG maintains shipping privileges with United States Customs and Border Protection ("CPB").

22.     The importation of food and beverages into the United States is not an insignificant commercial business but instead a heavily regulated activity.

23.     Importers of food products intended for introduction into U.S. interstate commerce are responsible for ensuring that the products are safe, sanitary, and labeled according to U.S. requirements.

24.     Imported food products are subject to FDA inspection when offered for import at U.S. ports of entry.

25.     Beginning on or around July 19, 2019, the FDA began sending a series of Notices of FDA Action regarding a hold designated over energy drinks for which CFG was the alleged importer and consignee.

26.     After further investigation it was uncovered that Kantarci had unilaterally given CFG's vendor, All-Ways, approval to use CFG's shipping account for the importation of the energy drinks from exporters in Poland, the Netherlands and South Africa, all without CFG's approval or knowledge, presumptively for his own personal benefit and with such action exposing the Company to possible legal liability and/or FDA action.

27.     To date, CFG has uncovered no less than seven months (from at least January – July 2019) during which Kantarci was clandestinely importing goods through the improper and entirely unauthorized use of the Company's name, resources, and privileges for his own benefit.

28.     Kantarci knew that the Company would not detect his unauthorized use of the Company's name, resources and privilege because Kantarci told less senior staff that he was the one dealing with all documents regarding arrival notices and invoices.

**COUNT I**

**(Breach of Fiduciary Duty and the Duties of Loyalty and Good Faith)**

29.     CFG repeats and realleges each and every of the foregoing allegations as if fully set forth herein.

30.     As an officer, employee and agent of CFG, Kantarci owed the Company fiduciary duties, including the duties of loyalty and good faith.  Kantarci had an affirmative duty to act at all times in the Company's best interests and to place the interests of the Company above his own.

31.     Kantarci, during his tenure with CFG, instead acted in a manner contrary to the legitimate interests of the Company.

32.     Kantarci failed to discharge his fiduciary duties to the Company, including the duties of loyalty and good faith, when he acted against the interests of the Company.  Kantarci failed, neglected and refused to exercise the degree of care, skill and diligence required of him.

33.     Kantarci breached his fiduciary duty and his duties of loyalty and good faith to CFG.

34.     Kantarcis' breaches of his fiduciary duty and of his duties of good faith and loyalty have directly and proximately caused CFG harm.

WHEREFORE, and for the foregoing reasons, the Company respectfully requests that this Court enter judgment in its favor and against Kantarci for:

    a)  Monetary damages;

5

HUD-L-004847-19   12/13/2019 2:33:21 PM  Pg 6 of 11 Trans ID: LCV20192302993
Case 2:21-cv-12144-SDW   Doc 14-2   Filed 06/23/21   Entered 06/23/21 13:31:32   Desc
Exhibit Exhibits to Certification Page 20 of 119

b) Forfeiture and disgorgement of all compensation paid to Kantarci, including salary, bonus payments, and other payments and benefits during the period in which he acted adversely to CFG, lasting at least seven months;

c) Interest, costs of suit and attorneys' fees;

d) Punitive damages; and

e) Such other relief as the Court deems just and proper.

## COUNT II

### (Faithless Servant)

35.     CFG repeats and realleges each and every of the foregoing allegations as if fully set forth herein.

36.     Kantarci was an employee and agent of the Company.   As President, Kantarci reported directly to the Board of Directors.

37.     As an employee and agent of the Company, Kantarci owed fiduciary duties of loyalty and good faith to the Company.  Kantarci had an affirmative duty at all times to be loyal to the Company and to avoid acting in any manner inconsistent with his agency.  He was at all time bound to exercise the utmost good faith and loyalty in the performance of his duties.

38.     Kantarci breached his fiduciary duties of loyalty and good faith when he acted adversely to the Company and for his own personal benefit.

39.     Kantarci's disloyal activity was related to the performance of his duties.

40.     These breaches permeated Kantarci's services as an executive employee in material and substantial parts of his employment with CFG.

41. Kantarci's actions have directly and proximately caused CFG harm.

WHEREFORE, and for the foregoing reasons, the Company respectfully requests that this Court enter judgment in its favor and against Kantarci for:

a) Forfeiture and disgorgement of all compensation paid to Kantarci, including salary, bonus payments, and other payments and benefits during the period in which he acted adversely to CFG, lasting at least seven months;

b) Interest, costs of suit and attorneys' fees;

c) Such other relief as the Court deems just and proper.

## COUNT III

### (Usurpation of Corporate Opportunity)

42.    CFG repeats and realleges each and every of the foregoing allegations as if fully set forth herein.

43.    Kantarci has engaged in surreptitious transactions using the Company's name, resources and privileges to benefit financially and to the exclusion of the Company.

44.    The transactions in issue are properly corporate opportunities for the importation of foodstuffs and/or beverages.

45.    By his acts described above, Kantarci has usurped the corporate opportunities of CFG and/or secretly profited from this competitive activity.

46.    Kantarci's actions were willful, wanton, malicious and in reckless disregard for CFG's rights.

47.    As a result, CFG has been damaged.

WHEREFORE, and for the foregoing reasons, the Company respectfully requests that this Court enter judgment in its favor and against Kantarci for:

a) Money damages for the value of the lost opportunity;

b) Forfeiture and disgorgement of all secret profit; interest, costs of suit and attorneys' fees;

c) Punitive damages; and

d)  Such other relief as the Court deems just and proper.


Dated:  December 13, 2019

HERRICK, FEINSTEIN LLP
Attorneys for Cosmopolitan Food Group, Inc.



By:    /s/ Avery S. Mehlman_____
           Avery S. Mehlman

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any action pending in any other court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I know of no other parties other than the parties set forth in this pleading who should be joined in the above action.

Dated: December 13, 2019                              _____/s/ Avery S. Mehlman_____
                                                 Avery S. Mehlman

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all issues so triable.

Dated: December 13, 2019                              _____/s/ Avery S. Mehlman_____
                                                 Avery S. Mehlman

## DESIGNATION OF TRIAL COUNSEL

Avery S. Mehlman, Esq., of the firm of Herrick, Feinstein LLP, is hereby designated as trial counsel for the plaintiffs in the above-captioned matter.

Dated: December 13, 2019                              _____/s/ Avery S. Mehlman_____
                                                 Avery S. Mehlman

## CERTIFICATION PURSUANT TO RULE 1:38-7(B)

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Dated: December 13, 2019                              _____/s/ Avery S. Mehlman_____
                                                 Avery S. Mehlman

**Appendix XII-B1**

# Civil Case Information Statement
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| For Use by Clerk's Office Only |
| --- |
| Payment type:  ☐ ck ☐ cg ☐ ca |
| Chg/Ck Number: |
| Amount: |
| Overpayment: |
| Batch Number: |

| Attorney/Pro Se Name<br>Avery S. Mehlman | Telephone Number<br>973-274-2000 | County of Venue<br>Hudson |
| --- | --- | --- |
| Firm Name (if applicable)<br>Herrick, Feinstein LLP | | Docket Number (when available) |
| Office Address<br>One Gateway Center<br>Newark, New Jersey 07102 | | Document Type<br>Complaint |
| | | Jury Demand  ■ Yes  ☐ No |

| Name of Party (e.g., John Doe, Plaintiff)<br>Cosmopolitan Food Group, Inc. | Caption<br>Cosmopolitan Food Group v. Baris Kantarci |
| --- | --- |
| Case Type Number (See reverse side for listing)<br>509 | Is this a professional malpractice case?   ☐ Yes  ■ No<br>If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. |
| Related Cases Pending?<br>☐ Yes   ■ No | If "Yes," list docket numbers |
| Do you anticipate adding any parties<br>(arising out of same transaction or occurrence)?<br>☐ Yes   ■ No | Name of defendant's primary insurance company (if known)<br>☐ None<br>■ Unknown |

| The Information Provided on This Form Cannot be Introduced into Evidence. |
| --- |

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

| Do parties have a current, past or recurrent relationship?<br>■ Yes   ☐ No | If "Yes," is that relationship:<br>■ Employer/Employee   ☐ Friend/Neighbor   ☐ Other (explain)<br>☐ Familial   ☐ Business |
| --- | --- |

| Does the statute governing this case provide for payment of fees by the losing party? | ☐ Yes  ☐ No |
| --- | --- |

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

| Do you or your client need any disability accommodations?<br>☐ Yes   ☐ No | If yes, please identify the requested accommodation: |
| --- | --- |
| Will an interpreter be needed?<br>☐ Yes   ☐ No | If yes, for what language? |

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

Attorney Signature:  *Avery S. Mehlman*



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**

| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (including declaratory judgment actions) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM (coverage issues only) |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (summary action) |
| 999 | OTHER (briefly describe nature of action) |

**Track II - 300 days' discovery**

| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603N | AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold) |
| 603Y | AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold) |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 621 | UM or UIM CLAIM (includes bodily injury) |
| 699 | TORT – OTHER |

**Track III - 450 days' discovery**

| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**

| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 620 | FALSE CLAIMS ACT |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

**Multicounty Litigation (Track IV)**

| | | | |
|---|---|---|---|
| 271 | ACCUTANE/ISOTRETINOIN | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 299 | OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 300 | TALC-BASED BODY POWDERS |
| 282 | FOSAMAX | 601 | ASBESTOS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 623 | PROPECIA |
| 286 | LEVAQUIN | 624 | STRYKER LFIT CoCr V40 FEMORAL HEADS |
| 289 | REGLAN | 625 | FIREFIGHTER HEARING LOSS LITIGATION |
| 291 | PELVIC MESH/GYNECARE | 626 | ABILIFY |
| 292 | PELVIC MESH/BARD | 627 | PHYSIOMESH FLEXIBLE COMPOSITE MESH |
| 293 | DEPUY ASR HIP IMPLANT LITIGATION | 628 | TAXOTERE/DOCETAXEL |
| 295 | ALLODERM REGENERATIVE TISSUE MATRIX | 629 | ZOSTAVAX |
| 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS | 630 | PROCEED MESH/PATCH |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

**Please check off each applicable category**  ☐ **Putative Class Action**  ☐ **Title 59**

# Civil Case Information Statement

## Case Details: HUDSON | Civil Part Docket# L-004847-19

**Case Caption:** COSMOPOLITAN FOOD GR OUP, INC.  VS
KANTARCI BARIS

**Case Initiation Date:** 12/13/2019

**Attorney Name:** AVERY S MEHLMAN

**Firm Name:** HERRICK FEINSTEIN, LLP

**Address:** 2 PARK AVE

NEW YORK NY 10016

**Phone:** 2125921400

**Name of Party:** PLAINTIFF : Cosmopolitan Food Group, Inc.

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** EMPLOYMENT (OTHER THAN CEPA OR LAD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO    **Title 59?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>12/13/2019</u>
Dated

<u>/s/ AVERY S MEHLMAN</u>
Signed

# EXHIBIT B

Avery S. Mehlman, Esq., Attorney ID No. 251072017
K. Heather Robinson, Esq. Attorney ID No. 024492006
HERRICK, FEINSTEIN LLP
One Gateway Center
Newark, New Jersey 07102
(973) 274-2000
   *Attorneys for Plaintiff Cosmopolitan Food Group, Inc.*

| | |
|---|---|
| COSMOPOLITAN FOOD GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>BARIS KANTARCI<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>HUDSON COUNTY: LAW DIVISION<br><br>DOCKET NO.: HUD-L-004847-19<br><br>CIVIL ACTION<br><br>**ACKNOWLEDGEMENT OF SERVICE** |

On this 14th day of January, 2020, the undersigned hereby acknowledges and accepts service by email on behalf of defendant Baris Kantarci of the Summons, Complaint, and Case Information Statement filed by plaintiff Cosmopolitan Food Group, Inc. in connection with the above-captioned civil action.

                Attorney for Defendant Baris Kantarci

                Jon S. Deutsch, Esq.

Dated: January 14, 2020

# EXHIBIT C

HUD-L -004847-19   03/17/2020 9:42:04 PM  Pg 1 of 3 Trans ID: LCV2020549952

Case 2:21-cv-12144-SDW   Doc 14-2   Filed 06/23/21   Entered 06/23/21 13:31:32   Desc
Exhibit Exhibits to Deitch Action Pg 17 of 86  Page 30 of 119

**JON S. DEUTSCH**
Attorney ID # 037771987
7 Codington Lane
Warren, New Jersey 07059
(732) 925-3036
FAX (732) 271-2761
jsdeutschesq@aol.com

Attorneys for Defendant, Baris Kantarci

|  |  |
|---|---|
|  | **SUPERIOR COURT OF NEW JERSEY** |
|  | **LAW DIVISION: HUDSON COUNTY** |
| **COSMOPOLITAN FOOD GROUP, INC.,** | **CIVIL ACTION** |
| **Plaintiff,** |  |
| **vs.** | Docket No. HUD-L-004847-19 |
| **BARIS KANTARCI,** | <u>**NOTICE OF MOTION TO BE RELIEVED**</u> |
| **Defendant.** | <u>**AS COUNSEL**</u> |

TO: **Baris Kantarci**
    1500 Harbor Blvd, Apt 524
    Weehawken, New Jersey 07086


ON NOTICE TO: **Avery S. Mchlman, Esq**
              **Herrick, Feinstein LLP**
              One Gateway Center
              Newark, New Jersey
              973.274.2000
Attorney for COSMOPOLITAN FOOD GROUP

SIR:

PLEASE TAKE NOTICE that on April 9, 2020 at 9:00 o'clock

in the forenoon or as soon thereafter as counsel may be heard,

the undersigned, Attorney for Defendant, Baris Kantarci, shall

move before the Superior Court of New Jersey, Law Division,

Hudson County, Jersey City, New Jersey, for an order as follows:

1.    Relieving Jon S. Deutsch, Esq. as Attorney for

Defendant;

2. For such other relief as the court deems just and

equitable.

IN SUPPORT of the within application, counsel for Defendant

will rely on the annexed certification.

A proposed order is attached hereto.

Pursuant to R. 1:6-2, oral argument is waived.

Dated: 3-17-2020

_____
Jon S. Deutsch

-2-

**CERTIFICATION**

On March 17/18 2020, I forwarded to Plaintiff via Ecourts, certified mail, return receipt requested and by regular mail, a copy of the within notice of motion, certification and proposed form of order.

Dated: 3\17\2020

_____
Jon S. Deutsch

–1–

**JON S. DEUTSCH**
Attorney ID # 037771987
7 Codington Lane
Warren, New Jersey 07059
(732) 925-3036
FAX (732) 271-2761
jsdeutschesq@aol.com

Attorneys for Defendant, Baris Kantarci

| | |
|---|---|
| | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION: HUDSON COUNTY** |
| **COSMOPOLITAN FOOD GROUP, INC.,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| **vs.** | Docket No. HUD-L-004847-19 |
| **BARIS KANTARCI,** | **ORDER RELIEVING COUNSEL** |
| **Defendant.** | |

 **THIS MATTER** being opened to the court by, Jon S. Deutsch Esq, Attorney for Defendant, upon application to be relieved as counsel, and the court having reviewed the papers in support of the within application and any opposing papers, and good cause appearing:

 IT IS on this_____day of_____, 2020:

HUD-L -004847-19   03/17/2020 9:42:04 PM  Pg 2 of 2 Trans ID: LCV2020549952

Case 2:11-cv-02144-SLM   Doc 14-2   Filed 06/23/21   Entered 06/23/21 13:31:37   Desc
Exhibit Exhibits to Certification   Page 21 of 86   Page 34 of 119

-2-

    ORDERED that Jon S. Deutsch, ESQ., is hereby relieved

counsel for Defendant, BARIS KANTARCI, and has no further

obligation in this matter, and


    ORDERED that Defendant, BARIS KANTARCI, shall be given _____

additional days to retain new Counsel.



                                _____
                                  **J.S.C.**

**JON S. DEUTSCH**
Attorney ID # 037771987
7 Codington Lane
Warren, New Jersey 07059
(732) 925-3036
FAX (732) 271-2761
jsdeutschesq@aol.com

Attorneys for Defendant, Baris Kantarci

|  |  |
|---|---|
|  | **SUPERIOR COURT OF NEW JERSEY** |
|  | **LAW DIVISION: HUDSON COUNTY** |
| **COSMOPOLITAN FOOD GROUP, INC.,** | **CIVIL ACTION** |
| **Plaintiff,** |  |
| **vs.** | Docket No. HUD-L-004847-19 |
| **BARIS KANTARCI,** | **CERTIFICATION IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL** |
| **Defendant.** |  |

      **JON S. DEUTSCH, ESQ.**, of full age, hereby certifies as follows:

      1. I am an attorney at law of the State of New Jersey and represent the Defendant. I make this certification in support of the within application.

      2. The within action was filed by Plaintiff on December 12, 2019, alleging: Count 1) Breach of Fiduciary Duty and Duties of Loyalty and Good Faith, Count 2) Faithless Servant, And Count 3) Usurpation of Corporate Opportunity.

      3. On January 10, 2020, the Defendant signed my firms Agreement to Represent with the stipulation that work would not

begin until a $5,000 retainer was received by the firm, although the firm would agree to accept service on behalf of the Defendant.

4.   Service was accepted on January 14, 2020, with the agreed stipulation, with Counsel for Plaintiff, that the Defendant shall have an additional 30 days to answer the Complaint, in addition to the Rule requirement of 35 days to answer the Complaint, thus, the answer was due March 19, 2020.

5.   As of March 17,2020, I have not had any contact with the Defendant to discuss the Complaint, nor has my firm received the agreed retainer.

6.   Either via Telephone, Email or Text, I have tried to contact the Defendant on the following dates (all 2020), and he has not replied; January 11, January 13 (2 times) January 21, January 22, January 25, January 27, January 28 (2 times) February 3, March 6, and March 16 (5 times: 2 via text, 1 email and 2 via phone). All communication was to advise him to contact me and that the retainer was not received. The most recent communications were to advise the Defendant I was moving to withdrawal as Counsel for his failure to communicate and failure to pay the retainer. (Although there was one text on 1/27/2020 to indicate "I am excited you are working on it").

7.   Pursuant to the New Jersey Rules of Professional

2

Conduct (RPC) 1.16 **Declining or Terminating Representation**, a

lawyer may withdraw from representing a client if:

> a (5) the client fails substantially to fulfill an
> obligation to the lawyer regarding the lawyer's services
> and has been given reasonable warning that the lawyer will
> withdraw unless the obligation is fulfilled;
>
> b (6) the representation will result in an unreasonable
> financial burden on the lawyer or has been rendered
> unreasonably difficult by the client; or

8.   The Defendant has failed to cooperate with the Firm

and he has been warned that if a retainer was not received and

he did not cooperate, the Firm would move to withdraw as counsel.

 Additionally, the Firm will incur billable hours and Court fees

that will not be reimbursed. Finally, the in-action by the

Defendant has made the representation unreasonable difficult.

9. Therefore, I respectfully request that my motion to be

relieved as counsel be granted.

     I certify that the foregoing statements made by me are

true. I further certify that if any of the foregoing statements

made by me are willfully false, I am subject to punishment.

Dated: March 17, 2020

JON S. DEUTSCH

3

**JON S. DEUTSCH**
Attorney ID # 037771987
7 Codington Lane
Warren, New Jersey 07059
(732) 925-3036
FAX (732) 271-2761
jsdeutschesq@aol.com

Attorneys for Defendant, Baris Kantarci

<table>
<tr><td></td><td style="text-align:center"><strong>SUPERIOR COURT OF NEW JERSEY</strong><br><strong>LAW DIVISION: HUDSON COUNTY</strong></td></tr>
<tr><td><strong>COSMOPOLITAN FOOD GROUP, INC.,</strong><br><br> Plaintiff, <br>vs.<br><br><strong>BARIS KANTARCI,</strong><br><br> Defendant. </td><td style="text-align:center"><strong>CIVIL ACTION</strong><br><br>Docket No. HUD-L-004847-19<br><br><strong><u>PROOF OF SERVICE</u></strong></td></tr>
</table>

**JON S. DEUTSCH**, of full age, duly certifies as follows:

1.   On March 14, 2020, I e-filed the within Notice of Motion to be Relieved as Counsel, Certification, Brief in Support, and proposed form of Order with the Hudson County Superior Court, with a copy to my adversary, Avery S. Mehlman, Esq.

2.     On March 18, 2020, I forwarded by certified mail, return receipt requested and regular mail, a copy of the

within Notice of Motion to be Relieved as Counsel,

Certification, Brief in Support, and proposed form of Order

to:

**Baris Kantarci**
1500 Harbor Blvd, Apt 524
Weehawken, New Jersey 07086


I hereby certify that the foregoing statements made by me

are true. If any of the foregoing statements are willfully

false, I am subject to punishment.


Dated:   March 17, 2020

_____
**Jon S. Deutsch**

-2-

HUD-L -004847-19   03/17/2020 9:42:04 PM  Pg 1 of 4 Trans ID: LCV2020549952

Case 21-01214-SLM   Doc 114-2   Filed 06/23/21   Entered 06/23/21 13:31:32   Desc
Exhibit Exhibits Ex Debit Action Page 27 of 86  Page 40 of 119

**JON S. DEUTSCH**
Attorney ID # 037771987
7 Codington Lane
Warren, New Jersey 07059
(732) 925-3036
FAX (732) 271-2761
jsdeutschesq@aol.com

Attorneys for Defendant, Baris Kantarci

|  |  |
|---|---|
|  | **SUPERIOR COURT OF NEW JERSEY** |
|  | **LAW DIVISION: HUDSON COUNTY** |
| **COSMOPOLITAN FOOD GROUP, INC.,** | **CIVIL ACTION** |
| **Plaintiff,** |  |
| vs. | Docket No. HUD-L-004847-19 |
| **BARIS KANTARCI,** |  |
| **Defendant.** |  |

**BRIEF OF DEFENDANT IN IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL**

-1-

## STATEMENT OF FACTS

Jon S. Deutsch, Esq, refers to the facts set forth in the March 17, 2020 Certification of

Jon S. Deutsch submitted herewith (hereinafter the "Deutsch Certification").

## LEGAL ARGUMENT

## POINT I

### JON S. DEUTSCH IS ENTITLED TO BE
### BE RELIEVED AS COUNSEL FOR
### BARIS KANTARCI

New Jersey Rule of Professional Conduct 1.16 ("RPC 1.16") sets forth when an attorney

may withdraw from representing a client:

**RPC 1.16 Declining or Terminating Representation**

   (a)     Except as stated in paragraph (c), a lawyer shall not represent a client or, where
representation has commenced, shall withdraw from the representation of a client if:
        (1)     the representation will result in violation of the Rules of Professional
        Conduct or other law;

        (2)     the lawyer's physical or mental condition materially impairs the lawyer's
        ability to represent the client; or

        (3)     the lawyer is discharged.

   (b)     Except as stated in paragraph (c), a lawyer may withdraw from representing a
client if:

        (1)     withdrawal can be accomplished without material adverse effect on the
                interests of the client;

        (2)     the client persists in a course of action involving the lawyer's services that
                the lawyer reasonably believes is criminal or fraudulent;

        (3)     the client has used the lawyer's services to perpetrate a crime or fraud;

-2-

HUD-L -004847-19   03/17/2020 9:42:04 PM  Pg 3 of 4 Trans ID: LCV2020549952

Case 2:21-cv-01214-SDW  Doc 14-2  Filed 06/23/21  Entered 06/23/21 13:31:37  Desc
Exhibit Exhibits Exhibit A - Certification in Support  Page 42 of 119

(4)    the client insists upon taking action that the lawyer considers repugnant or
with which the lawyer has a fundamental disagreement;

(5)    the client fails substantially to fulfill an obligation to the lawyer regarding
the lawyer's services and has been given reasonable warning that the lawyer will
withdraw unless the obligation is fulfilled;

(6)    the representation will result in an unreasonable financial burden on the
lawyer or has been rendered unreasonably difficult by the client; or

(7)    other good cause for withdrawal exists.

As set forth in the Deutsch Certification, since January 11, 2020, the Defendant has failed

to cooperate in the defense of the Complaint. He has failed to answer emails, telephone calls and

texts. Additionally, upon being reminded numerous times, he has failed to send the retainer, as

agreed, whereby not for filling his obligation. Furthermore, the representation of the Defendant

has been rendered unreasonably difficult by his failure to respond. Finally, there will be no

material adverse effect on the interests of the Defendant by the withdrawal of Jon S. Deutsch as

counsel for Defendant. As of this date, no answer has not been filed.   Defendant, if he so desires

can retain additional counsel and file an answer to the Complaint.


Finally, Defendant should be given time to retain new counsel if it so chooses.   We leave

the amount of time for Defendant to retain new counsel up to the discretion of the Court.

## CONCLUSION

For all the foregoing reasons, as well as those appearing in supporting papers and the record, Baris Kantarci respectfully submits it is entitled to entry of and order granting the relief it seeks.

Respectfully submitted,

**JON S. DEUTSCH, ESQ.**
*Attorney for Defendant, Baris Kantarci*

By: _____
JON S. DEUTSCH, ESQ.

Dated:   March 17,2020

-4-

# EXHIBIT D

–1–

**JON S. DEUTSCH**
Attorney ID # 037771987
7 Codington Lane
Warren, New Jersey 07059
(732) 925-3036
FAX (732) 271-2761
jsdeutschesq@aol.com

Attorneys for Defendant, Baris Kantarci

|  | **SUPERIOR COURT OF NEW JERSEY** |
|---|---|
|  | **LAW DIVISION: HUDSON COUNTY** |
| **COSMOPOLITAN FOOD GROUP, INC.,** | **CIVIL ACTION** |
| **Plaintiff,** | Docket No. HUD-L-004847-19 |
| vs. |  |
| **BARIS KANTARCI,** | <u>**ORDER RELIEVING COUNSEL**</u> |
| **Defendant.** |  |

      **THIS MATTER** being opened to the court by, Jon S. Deutsch
Esq, Attorney for Defendant, upon application to be relieved as
counsel, and the court having reviewed the papers in support of
the within application and any opposing papers, and good cause
appearing:

      IT IS on this_____24th_____day of_____April_____, 2020:

-2-

ORDERED that Jon S. Deutsch, ESQ., is hereby relieved

counsel for Defendant, BARIS KANTARCI, and has no further

obligation in this matter, and

ORDERED that Defendant, BARIS KANTARCI, shall be given __30__

additional days to retain new Counsel.

UNOPPOSED by Mr. Katarci.  GRANTED for reasons set forth on the record on April 24, 2020.
Until a substitution of attorney is filed, Defendant Kantarci will be
treated as self-represented.  All court notices shall be sent
to Defendant Kantarci at 1500 Harbor Blvd., Apt. 524,
Weehawken, NJ 07086.  Default is hereby entered.
Counsel for Plaintiff shall either file a motion for judgment
or request a Proof Hearing and fully comply with R. 4:43-1 & 2.
Failure to so move may result in R. 1:13-7 sanctions at the
expiration of 120 days from the date of this Order.

*Mary K. Costello*
**J.S.C.**

Mary K. Costello, J.S.C.

# EXHIBIT E

HUD-L-004847-19  08/19/2020 7:49:28 PM  Pg 1 of 3 Trans ID: LCV20201463891

Case 21-01214-SLM    Doc 14-2    Filed 06/23/21    Entered 06/23/21 13:31:32    Desc
Exhibit Exhibits to Certification Page 45 of 86  Page 48 of 119

Avery S. Mehlman, Esq., Attorney ID No. 251072017
Jina Moon, Esq. Attorney ID No. 019552012
HERRICK, FEINSTEIN LLP
One Gateway Center
Newark, New Jersey 07102
(973) 274-2000

*Attorneys for Plaintiff Cosmopolitan Food Group, Inc.*

| | |
|---|---|
| COSMOPOLITAN FOOD GROUP, INC.<br><br>                    Plaintiff,<br><br>                    v .<br><br>BARIS KANTARCI<br><br>                    Defendant. | SUPERIOR COURT OF NEW JERSEY<br>HUDSON COUNTY: LAW DIVISION<br><br>DOCKET NO.:  HUD-L-004847-19<br><br>CIVIL ACTION<br><br>**NOTICE OF MOTION FOR AN ORDER ENTERING FINAL JUDGMENT BY DEFAULT AGAINST BARIS KANTARCI** |

To:    Baris Kantarci
       1500 Harbor Blvd, Apt 524
       Weehawken, NJ 07086

**PLEASE TAKE NOTICE** that on September 11, 2020, at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned counsel for Plaintiff Cosmopolitan Food Group, Inc. ("Plaintiff") in the above-captioned action shall move before the Honorable Mary K. Costello, J.S.C., Superior Court of New Jersey, Law Division, Hudson County, located at 585 Newark Avenue, Jersey City, New Jersey pursuant to R. 4:43-2, for the entry of an Order granting Final Judgment by Default Against Defendant Baris Kantarci, and in favor of Plaintiff as to all claims set forth in Plaintiff's Complaint, and for such other and further relief as may be just and proper.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff shall rely upon the accompanying Certification in Support of Entry of Final Judgment by Default Against Defendant Baris Kantarci, Certification of Attorneys' Fees, and the Certification of Amount Due.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff hereby requests oral argument only if this motion is opposed.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff hereby requests a proof hearing if the Court deems the proofs provided to be insufficient.

**PLEASE TAKE FURTHER NOTICE** that in accordance with <u>R.</u>1:6-2, a form of order is submitted herewith.

HERRICK, FEINSTEIN LLP
Attorneys for Plaintiff

By: _____
    Avery S. Mehlman

Dated: August 19, 2020

## CERTIFICATION OF SERVICE

JINA MOON, of full age, hereby certifies as follows:

1.      I am an attorney-at-law of the State of New Jersey and associated with the law firm of Herrick, Feinstein LLP, attorneys for Cosmopolitan Food Group, Inc. in the above-captioned matter.

2.      On August 19, 2020, I caused the accompanying Notice of Motion for an Order Entering Final Judgment By Default Against Baris Kantarci, Certification in Support of Entry of Final Judgment by Default Against Defendant Baris Kantarci, Certification of Attorneys' Fees, and the Certification of Amount Due and Non-Military Service to be served by first class mail upon:

Baris Kantarci
1500 Harbor Blvd., Apt 524
Weehawken, New Jersey 07086

3.      I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Jina Moon

Dated:  August 19, 2020

Avery S. Mehlman, Esq., Attorney ID No. 251072017
Jina Moon, Esq. Attorney ID No. 019552012
HERRICK, FEINSTEIN LLP
One Gateway Center
Newark, New Jersey 07102
(973) 274-2000

*Attorneys for Plaintiff Cosmopolitan Food Group, Inc.*

| | |
|---|---|
| COSMOPOLITAN FOOD GROUP, INC. <br><br> Plaintiff, <br><br> v. <br><br> BARIS KANTARCI <br><br> Defendant. | SUPERIOR COURT OF NEW JERSEY <br> HUDSON COUNTY: LAW DIVISION <br><br> DOCKET NO.: HUD-L-004847-19 <br><br> CIVIL ACTION <br><br> **FINAL JUDGMENT BY DEFAULT AGAINST BARIS KANTARCI** |

Defendant Baris Kantarci ("Kantarci"), having been duly served with process and a copy of the Complaint in the above-captioned action, and having been defaulted for failure to answer, appear or otherwise move as to the Complaint; and Kantarci not being an infant or incompetent person; and plaintiff Cosmopolitan Food Group, Inc. ("Plaintiff") having filed a certification setting forth a particular statement of the items of the claim, including the amounts and dates, a calculation in figures of the amount of interest, the payments or credits, if any, and the net amount due;

FINAL JUDGMENT is on this ____ day of _____, 2020, signed and entered in the sum of $�manipulated, as of July ___, 2020, plus attorneys' fees and costs in the amount of $111,360.30, as of July 30, 2020, plus post-judgment interest on and after the date of this Judgment in favor of plaintiff, Cosmopolitan Food Group, Inc., and against Defendant upon notice to all parties, for an Order entering default judgment in the above-captioned action; the defaulting party

has been properly served; the address for service has not changed; the time for defendant to answer

has expired and has not otherwise been extended; and it appearing that acknowledgement of

service have been filed herein; and it further appearing that no opposition to said application has

been filed; and for good cause shown;

IT IS on this _____ day of _____, 2020,

ORDERED that default judgment is hereby entered against defendant Baris

Kantarci.

_____

HON. MARY J. COSTELLO, J.S.C.

Avery S. Mehlman, Esq., Attorney ID No. 251072017
Jina Moon, Esq. Attorney ID No. 019552012
HERRICK, FEINSTEIN LLP
One Gateway Center
Newark, New Jersey 07102
(973) 274-2000

*Attorneys for Plaintiff Cosmopolitan Food Group, Inc.*

| | |
|---|---|
| COSMOPOLITAN FOOD GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>BARIS KANTARCI<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>HUDSON COUNTY: LAW DIVISION<br><br>DOCKET NO.: HUD-L-004847-19<br><br>CIVIL ACTION<br><br>**CERTIFICATION IN SUPPORT OF ENTRY OF FINAL JUDGMENT BY DEFAULT AGAINST DEFENDANT BARIS KANTARCI** |

AVERY S. MEHLMAN, of full age, hereby certifies as follows:

1.       I am an attorney-at-law of the State of New Jersey and a Partner with the firm of Herrick, Feinstein LLP ("Herrick"), attorneys of plaintiff Cosmopolitan Food Group, Inc. ("Plaintiff") in the above-captioned matter.   In this capacity, I am authorized to make this certification in support of Plaintiff's request for entry of a final judgment by default against Defendant Baris Kantarci ("Kantarci").

2.       On or about December 13, 2019, Plaintiff filed its summons and complaint against Kantarci.   A true and correct copy of the complaint, case information statement and summons is attached hereto as **Exhibit A**.

3.       On January 14, 2019, counsel for Kantarci at the time, Jon S. Deutsch, Esq., accepted service on behalf of Plaintiff and executed an Acknowledgement of Service. A copy of the Acknowledgment of Service is annexed hereto as **Exhibit B**.

4.      The parties agreed to extend the deadline by which Kantarci was to answer or otherwise move as to the Complaint until March 19, 2020.

5.      Kantarci has failed to answer, appear or otherwise move as to the Complaint.

6.      On April 24, 2020, the Court heard oral argument on Plaintiff's counsel's motion to be relieved as counsel.  During the oral argument, Defendant's counsel requested the entry of Kantarci's default.   In the Court's April 24, 2020 Order, the Court entered default against Kantarci.  A true and complete copy of the April 24, 2020 Order is annexed hereto as **Exhibit C**.

7.      Upon information and belief, the April 24, 2020 Order was sent to Kantarci by his counsel.   However, in an abundance of caution, the April 24, 2020 Order was also mailed to Kantarci at the address in the April 24, 2020 Order by first class mail and certified mail.  A true and correct copy of the Certification of Service is annexed hereto as **Exhibit D**.

8.      Defendant has not moved to vacate the Default.

9.      Kantarci is not in the military service of the United States of America, as evidenced by the Military Status Report obtained from the Department of Defense Manpower Data Center in accordance with the Servicemen's Civil Relief Act of 2003. A copy of the same is attached hereto as **Exhibit E**.

10.      Plaintiff now requests that Final Judgment be entered against Kantarci, in the amounts set forth in the certifications submitted herewith.

11.      In light of Kantarci's default and the damages suffered by Plaintiff, Plaintiff respectfully requests that a final judgment by default be entered against Kantarci, in the amount of ▮▮▮▮▮▮ as of July 30, 2020, together with lawful interest thereafter, attorneys' fees and costs.

12.     I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Avery S. Mehlman, Esq.

Dated: July 30, 2020

HUD-L-004847-19   08/19/2020 7:49:28 PM   Pg 4 of 30 Trans ID: LCV20201463891

Case 2-11-01214-SLM   Doc 14-2   Filed 06/23/21   Entered 06/23/21 13:31:32   Desc
Exhibit Exhibits to Certification   Page 4 of 86 Page 56 of 119

# EXHIBIT A

## Moon, Jina

| | |
|---|---|
| **From:** | "Robinson, Heather" |
| **Sent:** | Wednesday, December 18, 2019 2:52 PM |
| **To:** | jsdeutschesq@aol.com |
| **Cc:** | Mehlman, Avery |
| **Subject:** | Cosmopolitan Food Group / Baris Kantarci |
| **Attachments:** | Filed Complaint and CIS(13082262.1).pdf; Summons to Kantarci(13081746.1) (13085378.1).pdf |

Jon,

Please find attached a complaint, case information statement, and summons for an action filed by Cosmopolitan against your client, Baris Kantarci, Friday afternoon.

Please let us know if you are authorized to accept service on behalf of Mr. Kantarci by email.

Regards,



**K. Heather Robinson**
**Associate**
Herrick, Feinstein LLP
One Gatway | Newark, NJ 07102
973.274.2006  Office
hrobinson@herrick.com

1

Avery S. Mehlman, Esq., Attorney ID No. 251072017
K. Heather Robinson, Esq. Attorney ID No. 024492006
HERRICK, FEINSTEIN LLP
One Gateway Center
Newark, New Jersey 07102
(973) 274-2000
   *Attorneys for Plaintiff Cosmopolitan Food Group, Inc.*

| | |
|---|---|
| COSMOPOLITAN FOOD GROUP, INC. | SUPERIOR COURT OF NEW JERSEY HUDSON COUNTY: LAW DIVISION |
| Plaintiff, | DOCKET NO.: |
| v. | CIVIL ACTION |
| BARIS KANTARCI | COMPLAINT |
| Defendant. | |

Plaintiff Cosmopolitan Food Group, Inc. ("CFG" or the "Company"), by and through its attorneys, Herrick, Feinstein, LLP, allege and state as follows:

**INTRODUCTION**

1.    CFG brings this action to recover from its former President, Baris Kantarci ("Kantarci"), the substantial damages flowing from Kantarci's breach of fiduciary duties, including the duties of loyalty and good faith, that Kantarci owed to CFG as an officer, employee and agent of the Company.  CFG also seeks recovery from Kantarci for his fraud and usurpation of corporate opportunity.

2.    During his tenure with CFG, Kantarci behaved antithetically to any basic expectations, the Company's policies, and the corporate culture.  Kantarci sexually harassed a female employee exposing the Company reputationally and financially in a publicly filed lawsuit. Kantarci additionally used the Company's shipping privileges with United States Customs and shipping account with its vendor, All-Ways, to ship what appear to be energy drinks into the United States presumably for Kantarci's personal financial benefit and with such action (*i.e.* the

importation of beverages into the United States) of course further exposing the Company to legal liability. As of the date of this filing, the Company has uncovered at least seven months during which Kantarci made repeated unauthorized shipments using the Company's name and resources.

3.      Kantarci wrongfully and intentionally engaged in these actions and in doing so breached the trust placed in him by the Company and abused his power and his position for his own personal benefit. Kantarci additionally concealed his wrongdoing in utter disregard for his duties and obligations. His misconduct has substantially damaged the Company.

## THE PARTIES

4.      Plaintiff CFG is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Hoboken, New Jersey.

5.      Defendant Kantarci is the former President of the Company who, upon information and belief, resides in Weehawken, New Jersey.

6.      Mr. Kantarci was employed by the Company at its principal place of business in Hoboken, New Jersey, from at or around September 2010 until July 2019, when his employment was terminated for cause.

## BACKGROUND

7.      Cosmopolitan is a multinational company that has been in the olive oil and gourmet foods business for more than 25 years. Today CFG is on 7 continents, with 3 warehouses and 4 sales offices and is selling its products worldwide in more than 60 countries.

8.      CFG supplies large supermarket chains such as Walmart, Shoprite, Stop&Shop, HEB, Winn Dixie, Bi-Lo, Shaws, Market Basket, Delhaize Group, Burlington, Albertsons and TJX Companies in the USA with products that it produces through four plants in the Aegean Region of Turkey, the main agricultural area of the country for Mediterranean style food.

2

9.      Examples of CFG's products include olive oil, vinegars, salad dressings, bruschetta's, sundried tomatoes, capers and peppers.

10.      In or around September 2010, CFG hired Kantarci, who came to serve as the President of the Company at CFG's Hoboken location, with all employees in that office reporting to him.

**The Sexual Harassment**

11.      In late February 2019, a female employee filed a legal claim for blatant and egregious sexual harassment committed by Kantarci during his employment with the Company.

12.      To wit, the female in issue was employed by the Company for only five days.

13.      During her short tenure, Kantarci consistently and repeatedly committed acts of sexual harassment against her, including not only the making of explicit comments but also inappropriate and offensive touching like holding her hands, rubbing and kissing her.

14.      On just her fourth day of employment, Kantarci brought her to a strip club while on a business trip in California, with Kantarci's conduct during the evening being so offensive that it culminated in her resignation, early flight home, and the filing of a police report in New Jersey. The female employee provided the Company with video of certain of Kantarci's conduct.

15.      CFG was not aware of these issues until it found itself the subject of a lawsuit filed against it.

16.      Indeed, upon information and belief, Kantarci received a demand letter from the victim's attorney as early as January 2019, but concealed it from CFG.

17.      Once alerted to the situation, CFG investigated the allegations.

18.      In attempts to bargain for his continued employment with the Company, Kantarci in the first instance offered to pay all or part of any settlement or judgment against the Company but

thereafter withdrew such commitment.  The Company, at any rate, relegated Kantarci to working remotely and thereafter fully and finally terminated his employment as of July 25, 2019.

19.    The Company was able to settle the claims for sexual harassment, with the case in issue being closed in or about September 2019.  However, the Company suffered hundreds of thousands of dollars in damages in connection with settlement, litigation costs, and other fees.

**The Unauthorized Importation of Beverages Into The United States**

20.    As stated, CFG is in the business of importing goods into the United States.

21.    As such, CFG maintains shipping privileges with United States Customs and Border Protection ("CPB").

22.    The importation of food and beverages into the United States is not an insignificant commercial business but instead a heavily regulated activity.

23.    Importers of food products intended for introduction into U.S. interstate commerce are responsible for ensuring that the products are safe, sanitary, and labeled according to U.S. requirements.

24.    Imported food products are subject to FDA inspection when offered for import at U.S. ports of entry.

25.    Beginning on or around July 19, 2019, the FDA began sending a series of Notices of FDA Action regarding a hold designated over energy drinks for which CFG was the alleged importer and consignee.

26.    After further investigation it was uncovered that Kantarci had unilaterally given CFG's vendor, All-Ways, approval to use CFG's shipping account for the importation of the energy drinks from exporters in Poland, the Netherlands and South Africa, all without CFG's approval or knowledge, presumptively for his own personal benefit and with such action exposing the Company to possible legal liability and/or FDA action.

27.     To date, CFG has uncovered no less than seven months (from at least January – July 2019) during which Kantarci was clandestinely importing goods through the improper and entirely unauthorized use of the Company's name, resources, and privileges for his own benefit.

28.     Kantarci knew that the Company would not detect his unauthorized use of the Company's name, resources and privilege because Kantarci told less senior staff that he was the one dealing with all documents regarding arrival notices and invoices.

## COUNT I

### (Breach of Fiduciary Duty and the Duties of Loyalty and Good Faith)

29.     CFG repeats and realleges each and every of the foregoing allegations as if fully set forth herein.

30.     As an officer, employee and agent of CFG, Kantarci owed the Company fiduciary duties, including the duties of loyalty and good faith.  Kantarci had an affirmative duty to act at all times in the Company's best interests and to place the interests of the Company above his own.

31.     Kantarci, during his tenure with CFG, instead acted in a manner contrary to the legitimate interests of the Company.

32.     Kantarci failed to discharge his fiduciary duties to the Company, including the duties of loyalty and good faith, when he acted against the interests of the Company.  Kantarci failed, neglected and refused to exercise the degree of care, skill and diligence required of him.

33.     Kantarci breached his fiduciary duty and his duties of loyalty and good faith to CFG.

34.     Kantarcis' breaches of his fiduciary duty and of his duties of good faith and loyalty have directly and proximately caused CFG harm.

WHEREFORE, and for the foregoing reasons, the Company respectfully requests that this Court enter judgment in its favor and against Kantarci for:

    a)  Monetary damages;

5

b) Forfeiture and disgorgement of all compensation paid to Kantarci, including salary, bonus payments, and other payments and benefits during the period in which he acted adversely to CFG, lasting at least seven months;

c) Interest, costs of suit and attorneys' fees;

d) Punitive damages; and

e) Such other relief as the Court deems just and proper.

## COUNT II

### (Faithless Servant)

35.     CFG repeats and realleges each and every of the foregoing allegations as if fully set forth herein.

36.     Kantarci was an employee and agent of the Company.  As President, Kantarci reported directly to the Board of Directors.

37.     As an employee and agent of the Company, Kantarci owed fiduciary duties of loyalty and good faith to the Company.  Kantarci had an affirmative duty at all times to be loyal to the Company and to avoid acting in any manner inconsistent with his agency.  He was at all time bound to exercise the utmost good faith and loyalty in the performance of his duties.

38.     Kantarci breached his fiduciary duties of loyalty and good faith when he acted adversely to the Company and for his own personal benefit.

39.     Kantarci's disloyal activity was related to the performance of his duties.

40.     These breaches permeated Kantarci's services as an executive employee in material and substantial parts of his employment with CFG.

41. Kantarci's actions have directly and proximately caused CFG harm.

WHEREFORE, and for the foregoing reasons, the Company respectfully requests that this Court enter judgment in its favor and against Kantarci for:

6

a) Forfeiture and disgorgement of all compensation paid to Kantarci, including salary, bonus payments, and other payments and benefits during the period in which he acted adversely to CFG, lasting at least seven months;

b) Interest, costs of suit and attorneys' fees;

c) Such other relief as the Court deems just and proper.

### COUNT III

### (Usurpation of Corporate Opportunity)

42.     CFG repeats and realleges each and every of the foregoing allegations as if fully set forth herein.

43.     Kantarci has engaged in surreptitious transactions using the Company's name, resources and privileges to benefit financially and to the exclusion of the Company.

44.     The transactions in issue are properly corporate opportunities for the importation of foodstuffs and/or beverages.

45.     By his acts described above, Kantarci has usurped the corporate opportunities of CFG and/or secretly profited from this competitive activity.

46.     Kantarci's actions were willful, wanton, malicious and in reckless disregard for CFG's rights.

47.     As a result, CFG has been damaged.

WHEREFORE, and for the foregoing reasons, the Company respectfully requests that this Court enter judgment in its favor and against Kantarci for:

a) Money damages for the value of the lost opportunity;

b) Forfeiture and disgorgement of all secret profit; interest, costs of suit and attorneys' fees;

c) Punitive damages; and

7

d)  Such other relief as the Court deems just and proper.

Dated:  December 13, 2019

HERRICK, FEINSTEIN LLP
Attorneys for Cosmopolitan Food Group, Inc.

By:   /s/ Avery S. Mehlman_____
        Avery S. Mehlman

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any action pending in any other court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.  I know of no other parties other than the parties set forth in this pleading who should be joined in the above action.


Dated:  December 13, 2019          _____/s/ Avery S. Mehlman_____
                                      Avery S. Mehlman


## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all issues so triable.


Dated:  December 13, 2019          _____/s/ Avery S. Mehlman_____
                                        Avery S. Mehlman


## DESIGNATION OF TRIAL COUNSEL

Avery S. Mehlman, Esq., of the firm of Herrick, Feinstein LLP, is hereby designated as trial counsel for the plaintiffs in the above-captioned matter.


Dated:  December 13, 2019          _____/s/ Avery S. Mehlman_____
                                        Avery S. Mehlman


## CERTIFICATION PURSUANT TO RULE 1:38-7(B)

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).


Dated:  December 13, 2019          _____/s/ Avery S. Mehlman_____
                                        Avery S. Mehlman

**Appendix XII-B1**

# Civil Case Information Statement
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| | |
|---|---|
| **For Use by Clerk's Office Only** | |
| Payment type: ☐ ck ☐ cg ☐ ca | |
| Chg/Ck Number: | |
| Amount: | |
| Overpayment: | |
| Batch Number: | |

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Avery S. Mehlman | 973-274-2000 | Hudson |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| Herrick, Feinstein LLP | |

| Office Address | Document Type |
|---|---|
| One Gateway Center Newark, New Jersey 07102 | Complaint |
| | Jury Demand ■ Yes ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Cosmopolitan Food Group, Inc. | Cosmopolitan Food Group v. Baris Kantarci |

| Case Type Number (See reverse side for listing) | Is this a professional malpractice case? ☐ Yes ■ No |
|---|---|
| 509 | If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. |

| Related Cases Pending? | If "Yes," list docket numbers |
|---|---|
| ☐ Yes ■ No | |

| Do you anticipate adding any parties (arising out of same transaction or occurrence)? | Name of defendant's primary insurance company (if known) |
|---|---|
| ☐ Yes ■ No | ☐ None ■ Unknown |

**The Information Provided on This Form Cannot be Introduced into Evidence.**

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

| Do parties have a current, past or recurrent relationship? | If "Yes," is that relationship: |
|---|---|
| ■ Yes ☐ No | ■ Employer/Employee ☐ Friend/Neighbor ☐ Other (explain) ☐ Familial ☐ Business |

| Does the statute governing this case provide for payment of fees by the losing party? | ☐ Yes ☐ No |
|---|---|

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

| Do you or your client need any disability accommodations? | If yes, please identify the requested accommodation: |
|---|---|
| ☐ Yes ☐ No | |
| Will an interpreter be needed? | If yes, for what language? |
| ☐ Yes ☐ No | |

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

Attorney Signature: *Avery S. Mehlman*

Revised Form Promulgated by 07/01/2019 Notice to the Bar, CN 10517

page 1 of 2



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

---

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151    NAME CHANGE
175    FORFEITURE
302    TENANCY
399    REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502    BOOK ACCOUNT (debt collection matters only)
505    OTHER INSURANCE CLAIM (including declaratory judgment actions)
506    PIP COVERAGE
510    UM or UIM CLAIM (coverage issues only)
511    ACTION ON NEGOTIABLE INSTRUMENT
512    LEMON LAW
801    SUMMARY ACTION
802    OPEN PUBLIC RECORDS ACT (summary action)
999    OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305    CONSTRUCTION
509    EMPLOYMENT (other than CEPA or LAD)
599    CONTRACT/COMMERCIAL TRANSACTION
603N   AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y   AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605    PERSONAL INJURY
610    AUTO NEGLIGENCE – PROPERTY DAMAGE
621    UM or UIM CLAIM (includes bodily injury)
699    TORT – OTHER

**Track III - 450 days' discovery**
005    CIVIL RIGHTS
301    CONDEMNATION
602    ASSAULT AND BATTERY
604    MEDICAL MALPRACTICE
606    PRODUCT LIABILITY
607    PROFESSIONAL MALPRACTICE
608    TOXIC TORT
609    DEFAMATION
616    WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617    INVERSE CONDEMNATION
618    LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156    ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303    MT. LAUREL
508    COMPLEX COMMERCIAL
513    COMPLEX CONSTRUCTION
514    INSURANCE FRAUD
620    FALSE CLAIMS ACT
701    ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
271    ACCUTANE/ISOTRETINOIN
274    RISPERDAL/SEROQUEL/ZYPREXA
281    BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282    FOSAMAX
285    STRYKER TRIDENT HIP IMPLANTS
286    LEVAQUIN
289    REGLAN
291    PELVIC MESH/GYNECARE
292    PELVIC MESH/BARD
293    DEPUY ASR HIP IMPLANT LITIGATION
295    ALLODERM REGENERATIVE TISSUE MATRIX
296    STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS

297    MIRENA CONTRACEPTIVE DEVICE
299    OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
300    TALC-BASED BODY POWDERS
601    ASBESTOS
623    PROPECIA
624    STRYKER LFIT CoCr V40 FEMORAL HEADS
625    FIREFIGHTER HEARING LOSS LITIGATION
626    ABILIFY
627    PHYSIOMESH FLEXIBLE COMPOSITE MESH
628    TAXOTERE/DOCETAXEL
629    ZOSTAVAX
630    PROCEED MESH/PATCH

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**   ☐ **Putative Class Action**       ☐ **Title 59**

---

Revised Form Promulgated by 07/01/2019 Notice to the Bar, CN 10517

# Civil Case Information Statement

## Case Details: HUDSON | Civil Part Docket# L-004847-19

**Case Caption:** COSMOPOLITAN FOOD GR OUP, INC.  VS
KANTARCI BARIS

**Case Initiation Date:** 12/13/2019

**Attorney Name:** AVERY S MEHLMAN

**Firm Name:** HERRICK FEINSTEIN, LLP

**Address:** 2 PARK AVE
NEW YORK NY 10016

**Phone:** 2125921400

**Name of Party:** PLAINTIFF : Cosmopolitan Food Group, Inc.

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** EMPLOYMENT (OTHER THAN CEPA OR LAD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO       **Title 59?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/13/2019
Dated

/s/ AVERY S MEHLMAN
Signed

Avery S. Mehlman, Esq., Attorney ID No. 251072017
K. Heather Robinson, Esq. Attorney ID No. 024492006
HERRICK, FEINSTEIN LLP
One Gateway Center
Newark, New Jersey 07102
(973) 274-2000
   *Attorneys for Plaintiff Cosmopolitan Food Group, Inc.*

| | |
|---|---|
| COSMOPOLITAN FOOD GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>BARIS KANTARCI<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>HUDSON COUNTY: LAW DIVISION<br><br>DOCKET NO.: HUD-L-004847-19<br><br>CIVIL ACTION<br><br>**SUMMONS** |

From The State of New Jersey To The Defendant(s) Named Above:

   The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the Third-Party Complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

   If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief Plaintiff's demand, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

   If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-

5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.


                                    /s/ Michelle M. Smith
                                    Clerk of the Superior Court


Dated:  December 13, 2019

Name and Address of Defendant to Be Served:

      Baris Kantarci
      1500 Harbor Blvd. Apt. 524
      Weehawken, New Jersey 07086

HUD-L-004847-19   08/19/2020 7:49:28 PM   Pg 20 of 30 Trans ID: LCV20201463891

Case 21-01214-SLM   Doc 14-2   Filed 06/23/21   Entered 06/23/21 13:31:37   Desc
Exhibit Exhibits Exhibit Action Page 59 of 86 Page 72 of 119

# EXHIBIT B

Avery S. Mehlman, Esq., Attorney ID No. 251072017
K. Heather Robinson, Esq. Attorney ID No. 024492006
HERRICK, FEINSTEIN LLP
One Gateway Center
Newark, New Jersey 07102
(973) 274-2000
*Attorneys for Plaintiff Cosmopolitan Food Group, Inc.*

| | |
|---|---|
| COSMOPOLITAN FOOD GROUP, INC. | SUPERIOR COURT OF NEW JERSEY HUDSON COUNTY: LAW DIVISION |
| Plaintiff, | DOCKET NO.: HUD-L-004847-19 |
| v. | CIVIL ACTION |
| BARIS KANTARCI | **ACKNOWLEDGEMENT OF SERVICE** |
| Defendant. | |

On this 14th day of January, 2020, the undersigned hereby acknowledges and accepts service by email on behalf of defendant Baris Kantarci of the Summons, Complaint, and Case Information Statement filed by plaintiff Cosmopolitan Food Group, Inc. in connection with the above-captioned civil action.

Attorney for Defendant Baris Kantarci

Jon S. Deutsch, Esq.

Dated: January 14, 2020

# EXHIBIT C

-1-

**JON S. DEUTSCH**
Attorney ID # 037771987
7 Codington Lane
Warren, New Jersey 07059
(732) 925-3036
FAX (732) 271-2761
jsdeutschesq@aol.com

Attorneys for Defendant, Baris Kantarci

|  |  |
|---|---|
|  | **SUPERIOR COURT OF NEW JERSEY** |
|  | **LAW DIVISION: HUDSON COUNTY** |
| **COSMOPOLITAN FOOD GROUP, INC.,** | **CIVIL ACTION** |
| **Plaintiff,** | Docket No. HUD-L-004847-19 |
| **vs.** | |
| **BARIS KANTARCI,** | **ORDER RELIEVING COUNSEL** |
| **Defendant.** | |

 **THIS MATTER** being opened to the court by, Jon S. Deutsch

Esq, Attorney for Defendant, upon application to be relieved as

counsel, and the court having reviewed the papers in support of

the within application and any opposing papers, and good cause

appearing:

 IT IS on this_____24th_____day of _____April_____, 2020:

HUD-L-004847-19   08/19/2020 7:49:28 PM   Pg 24 of 30 Trans ID: LCV20201463891

Case 21-01246-SLM  Doc 14-24  Filed 08/23/21   Entered 08/23/21 16:02:32   Desc
Exhibit Exhibits Exhibit A-Eition Page Suppor 86 Page 76 of 119

-2-

      ORDERED that Jon S. Deutsch, ESQ., is hereby relieved

counsel for Defendant, BARIS KANTARCI, and has no further

obligation in this matter, and

      ORDERED that Defendant, BARIS KANTARCI, shall be given  30 

additional days to retain new Counsel.

UNOPPOSED by Mr. Katarci.  GRANTED for reasons set forth on the record on April 24, 2020.
Until a substitution of attorney is filed, Defendant Kantarci will be
treated as self-represented.  All court notices shall be sent
to Defendant Kantarci at 1500 Harbor Blvd., Apt. 524,
Weehawken, NJ 07086.  Default is hereby entered.
Counsel for Plaintiff shall either file a motion for judgment
or request a Proof Hearing and fully comply with R. 4:43-1 & 2.
Failure to so move may result in R. 1:13-7 sanctions at the
expiration of 120 days from the date of this Order.

*Mary K. Costello*
J.S.C.

Mary K. Costello, J.S.C.

HUD-L-004847-19   08/19/2020 7:49:28 PM   Pg 25 of 30 Trans ID: LCV20201463891

Case 21-01214-SLM   Doc 14-2   Filed 06/23/21   Entered 06/23/21 13:31:32   Desc
Exhibit Exhibits Exhibit Action Page 64 of 86 Page 77 of 119

# EXHIBIT D

Avery S. Mehlman, Esq., Attorney ID No. 251072017
Jina Moon, Esq. Attorney ID No. 019552012
HERRICK, FEINSTEIN LLP
One Gateway Center
Newark, New Jersey 07102
(973) 274-2000

*Attorneys for Plaintiff Cosmopolitan Food Group, Inc.*

| | |
|---|---|
| COSMOPOLITAN FOOD GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>BARIS KANTARCI<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>HUDSON COUNTY: LAW DIVISION<br><br>DOCKET NO.:  HUD-L-004847-19<br><br>CIVIL ACTION<br><br>**CERTIFICATION OF SERVICE OF<br>JINA MOON** |

JINA MOON, of full age, hereby certifies as follows:

      1.     I am an attorney-at-law of the State of New Jersey and associated with the

law firm of Herrick, Feinstein LLP, attorneys for plaintiff Cosmopolitan Food Group, Inc. in the

above-entitled action.  In this capacity, I have personal knowledge of the facts stated herein.

      2.     On the date set forth below, I caused the Order Relieving Counsel to be

served by regular mail and certified mail, return receipt requested, upon:

Baris Kantarci
1500 Harbor Blvd., Apt 524
Weehawken, New Jersey 07086

HF 13393841v.1 #16093/0005

3.      I hereby certify that the foregoing statements made by me are true.  I am

aware that if any of the foregoing statements made by me are willfully false, I am subject to

punishment.

/s/ Jina Moon
JINA MOON

Dated:  July 2, 2020

# EXHIBIT E

Department of Defense Manpower Data Center

Results as of : May-11-2020 04:37:15 PM

SCRA 5.4



## Status Report
## Pursuant to Servicemembers Civil Relief Act

| | |
|---|---|
| SSN: | XXX-XX-8521 |
| Birth Date: | Apr-XX-1986 |
| Last Name: | KANTARCI |
| First Name: | BARIS |
| Middle Name: | |
| Status As Of: | May-11-2020 |
| Certificate ID: | G3VS74BK6F46Z32 |

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA 93955

HUD-L-004847-19   08/19/2020 7:49:28 PM   Pg 30 of 30 Trans ID: LCV20201463891

Case 2:21-cv-12144-SDW   Doc 14-12   Filed 06/23/21   Entered 06/23/21 13:31:32   Desc
Exhibit Exhibits Exhibit A to Action Support 86 Page 82 of 119

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ? 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q33) via this URL: https://scra.dmdc.osd.mil/faq.xhtml#Q33. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. ? 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC ? 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC ? 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC ? 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

Avery S. Mehlman, Esq., Attorney ID No. 251072017
Jina Moon, Esq. Attorney ID No. 019552012
HERRICK, FEINSTEIN LLP
One Gateway Center
Newark, New Jersey 07102
(973) 274-2000

*Attorneys for Plaintiff Cosmopolitan Food Group, Inc.*

|  |  |
|---|---|
| COSMOPOLITAN FOOD GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>BARIS KANTARCI<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>HUDSON COUNTY: LAW DIVISION<br><br>DOCKET NO.:  HUD-L-004847-19<br><br>CIVIL ACTION<br><br>**CERTIFICATION OF AMOUNT DUE** |

GREG TOBIAS, of full age, hereby certifies as follows:

1.      I am the General Manager of Cosmopolitan Food Group, Inc. ("Cosmopolitan"), the

plaintiff in this action.  As such, I am fully familiar with the facts and circumstances set forth herein

and am authorized to make this Certification of Amount Due in support of Plaintiff's application

for entry of final judgment against Defendant Baris Kantarci ("Kantarci") in the total amount of

████████

2.      Upon information and belief, Kantarci is an individual and resident of the State of

New Jersey, with an address at 1500 Harbor Blvd., Apt. 524, Weehawken, New Jersey 07086.

## BACKGROUND

3.      Cosmopolitan brought this action to recover from its former President, Baris

Kantarci ("Kantarci"), the substantial damages flowing from Kantarci's breach of fiduciary duties,

including the duties of loyalty and good faith, that Kantarci owed to Cosmopolitan as an officer,

employee and agent of Cosmopolitan. Cosmopolitan also seeks recovery from Kantarci for his fraud and usurpation of corporate opportunity.

***Damages Resulting From Sexual Harassment Claim Against Kantarci***

4.      During his tenure as President of Cosmopolitan, Kantarci reported directly to Cosmopolitan's Board of Directors.  However, during that time, Kantarci behaved antithetically to any basic expectations of a fiduciary, Cosmopolitan's policies, and the corporate culture.

5.      First, Kantarci sexually harassed a female employee exposing Cosmopolitan reputationally and financially in a publicly filed lawsuit.  That female employee filed a legal claim in late February 2019 for blatant and egregious sexual harassment committed by Kantarci during his employment with Cosmopolitan.

6.      To wit, the female in issue was employed by Cosmopolitan for only five days in the beginning of January 2019.

7.      During her short tenure, Kantarci consistently and repeatedly committed acts of sexual harassment against her, including not only the making of explicit comments but also engaged inappropriate and offensive touching like holding her hands, rubbing and kissing her.

8.      For example, on just her fourth day of employment, Kantarci brought her to a strip club while on a business trip in California, with Kantarci's conduct during the evening being so offensive that it culminated in her resignation, early flight home, and the filing of a police report in New Jersey.  The female employee provided Cosmopolitan with video of certain of Kantarci's conduct.

9.      Cosmopolitan was not aware of these issues until it found itself the subject of a lawsuit filed against it.

10.     Indeed, upon information and belief, Kantarci received a demand letter from the victim's attorney as early as January 2019, but concealed it from Cosmopolitan.

11.     Once alerted to the situation, Cosmopolitan investigated the allegations.

12.     In attempts to bargain for his continued employment with Cosmopolitan, Kantarci in the first instance offered to pay all or part of any settlement or judgment against Cosmopolitan but thereafter withdrew such commitment.  Cosmopolitan, at any rate, relegated Kantarci to working remotely and thereafter fully and finally terminated his employment as of July 25, 2019.

13.     Cosmopolitan was able to settle the claims for sexual harassment for ██████ with the case in issue being closed in or about September 2019.  A true and correct copy of the wire transfers to complainant's counsel in the sexual harassment action is attached hereto as **EXHIBIT 1**.  Additionally, as explained in the Certificate of Attorneys' Fees, Cosmopolitan suffered damages in the form of litigation costs and other fees.

***The Unauthorized Importation of Beverages Into The United States***

14.     Cosmopolitan is in the business of importing goods into the United States.  As such, Cosmopolitan maintains shipping privileges with United States Customs and Border Protection ("CPB").

15.     The importation of food and beverages into the United States is not an insignificant commercial business but instead a heavily regulated activity.  Importers of food products intended for introduction into U.S. interstate commerce are responsible for ensuring that the products are safe, sanitary, and labeled according to U.S. requirements.  Therefore, imported food products are subject to FDA inspection when offered for import at U.S. ports of entry.

16.     Beginning on or around July 19, 2019, the FDA began sending a series of Notices of FDA Action regarding a hold designated over energy drinks for which Cosmopolitan was the alleged importer and consignee.

17.     Upon investigation, it was uncovered that Kantarci had used Cosmopolitan's shipping privileges with United States Customs and unilaterally gave Cosmopolitan's vendor, All-Ways, approval to use Cosmopolitan's shipping account for the importation of the energy drinks from exporters in Poland, the Netherlands and South Africa, presumably for his own personal benefit and without Cosmopolitan's approval or knowledge.

18.     As of the date of that the Complaint was filed, Cosmopolitan has uncovered no less than seven months (from at least January – July 2019) during which Kantarci was clandestinely and intentionally importing goods through the improper and entirely unauthorized use of Cosmopolitan's name, resources, and privileges for his own benefit and exposing Cosmopolitan to possible legal liability and/or FDA action.

19.     Kantarci concealed his wrongdoing in utter disregard for his duties and obligations as an officer, employee and agent of Cosmopolitan.  He knew that Cosmopolitan would not detect his unauthorized use of Cosmopolitan's name, resources and privilege because Kantarci told less senior staff that he was the one dealing with all documents regarding arrival notices and invoices.

20.     Kantarci wrongfully and intentionally engaged in these actions and in doing so breached the trust placed in him by Cosmopolitan and abused his power and his position for his own personal benefit.  Kantarci additionally concealed his wrongdoing in utter disregard for his duties and obligations.  His misconduct has substantially damaged Cosmopolitan.

21.     Because of Kantarci's unauthorized activity, Cosmopolitan was fined liquidated damages in the amount of ████.  A true and correct copy of the Department of Homeland

Security, U.S. Customs and Border Protection, Notice of Penalty or Liquidated Damages Incurred and Demand for Payment 19 USC 1618 and 19 USC 1623 is attached hereto as **EXHIBIT 2**.

***Disgorgement of Compensation***

22.     Because Kantarci breached his fiduciary duties to Cosmopolitan, including the duties of loyalty and good faith, Cosmopolitan is owed the forfeiture and disgorgement of all compensation paid to Kantarci, including salary, bonus payments, and other payments and benefits during the period in which he acted adversely to Cosmopolitan, which occurred at least since January 2019.

23.     According to Plaintiff's books and records, Kantarci was paid a gross amount of ███████ (net amount of ███████) for his employment from January 1, 2019 through July 25, 2019, when he was terminated. A true and correct copy of Kantarci's W-2 showing his total wages for his employment in 2019 is attached hereto as **EXHIBIT 3**.

24.     According to Plaintiff's books and records, Cosmopolitan paid a total of ███████ for his health benefits. A true and correct copy of the Horizon Blue Cross Blue Shield bills showing the payments Cosmopolitan made on behalf of Kantarci is attached hereto as **EXHIBIT 4**.

25.     Kantarci is not an infant or incompetent person.

26.     There are no just debts, set-offs, credits or allowances due or to become due from Cosmopolitan to Kantarci, other than those set forth herein.

27.     Kantarci is not in the military service of the United States of America, as noted in the Certification in Support of Entry of Final Judgment By Default Against Defendant Baris Kantarci.

28.     This claim is not based upon a writ of attachment, capias ad respondendum, replevin, or upon the sale of chattel which has been repossessed peaceably or by legal process.

29.     I hereby certify that the foregoing statements made by me are true. I am aware that

if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
GREG TOBIAS

Dated:          July 15, 2020

# *[Exhibits Redacted]*

The exhibits referred to in the above certification have been redacted due to length, but may be furnished upon request.

Avery S. Mehlman, Esq., Attorney ID No. 251072017
Jina Moon, Esq. Attorney ID No. 019552012
HERRICK, FEINSTEIN LLP
One Gateway Center
Newark, New Jersey 07102
(973) 274-2000

*Attorneys for Plaintiff Cosmopolitan Food Group, Inc.*

| | |
|---|---|
| COSMOPOLITAN FOOD GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>BARIS KANTARCI<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>HUDSON COUNTY: LAW DIVISION<br><br>DOCKET NO.: HUD-L-004847-19<br><br>CIVIL ACTION<br><br>**CERTIFICATION OF ATTORNEYS'<br>FEES** |

AVERY S. MEHLMAN, of full age, hereby certifies as follows:

1.      I am an attorney-at-law of the State of New Jersey and a partner with the firm of Herrick, Feinstein LLP ("Herrick"), attorneys of plaintiff Cosmopolitan Food Group, Inc. ("Plaintiff") in the above-captioned matter.  I make this Certification in support of Plaintiff's application for entry of Final Judgment by Default against Defendant Baris Kantarci ("Kantarci") in the above-captioned matter.

2.      The total amount of attorneys' fees and costs incurred in prosecuting this action on behalf of Plaintiff is the aggregate amount of $111,360.30 as of July 17, 2020, broken down as follows:

**Settlement of Sexual Harassment Lawsuit For Kantarci's Behavior**

A.      Attached hereto as Exhibit "A" is a copy of Invoice No. 342920, dated July 8, 2019, for legal services rendered through May 31, 2019, in the amount of $29,918.00, plus

expenses posted through May 31, 2019, in the amount of $70.86, for a total amount due of $29,988.86.

   B.  Attached hereto as Exhibit "B" is a copy of Invoice No. 343500, dated July 24, 2019, for legal services rendered through June 30, 2019, in the amount of $12,217.50, plus expenses posted through June 30, 2019, in the amount of $2.52, less 10%, for a total amount due of $10,998.27.

   C.  Attached hereto as Exhibit "C" is a copy of Invoice No. 345267, dated September 9, 2019, for legal services rendered through July 31, 2019, in the amount of $8,152.50, plus no expenses posted through July 31, 2019, for a total amount due of $8,152.50.

**Legal Services Rendered in Connection with the Above-Captioned Action**

   D.  Attached hereto as Exhibit "D" is a copy of Invoice No. 345947, dated September 27, 2019, for legal services rendered through August 31, 2019, in the amount of $4,500.00, less 10%, plus no expenses posted through August 31, 2019, for a total amount due of $4,050.00.

   E.  Attached hereto as Exhibit "E" is a copy of Invoice No. 348438, dated November 27, 2019, for legal services rendered through October 31, 2019, in the amount of $15,307.50, less 10%, plus expenses posted through October 31, 2019, in the amount of $122.34, for a total amount due of $13,899.09.

   F.  Attached hereto as Exhibit "F" is a copy of Invoice No. 349188, dated December 17, 2019, for legal services rendered through November 30, 2019, in the amount of $10,432.50, less 10%, plus no expenses posted through August 31, 2019, for a total amount due of $9,389.25.

HUD-L-004847-19   08/19/2020 7:49:28 PM   Pg 3 of 86 Trans ID: LCV20201463891

Case 21-01214-SLM   Doc 14-2   Filed 06/23/21   Entered 06/23/21 13:31:32   Desc
Exhibit Exhibits Exhibit A-Action Page 79 of 86 Page 92 of 119

G.     Attached hereto as Exhibit "G" is a copy of Invoice No. 350536, dated January 28, 2020, for legal services rendered through December 31, 2019, in the amount of $10,342.50, less 10%, plus expenses posted through December 31, 2020, in the amount of $411.45, for a total amount due of $9,719.70.

H.     Attached hereto as Exhibit "H" is a copy of Invoice No. 351401, dated February 21, 2020, for legal services rendered through January 31, 2020, in the amount of $1,666.00, less 10%, plus expenses posted through January 31, 2020, in the amount of $6.53, for a total amount due of $1,505.93.

I.     Attached hereto as Exhibit "I" is a copy of Invoice No. 352335, dated March 16, 2020, for legal services rendered through February 29, 2020, less 10%, in the amount of $1,991.50, plus expenses posted through March 31, 2020, in the amount of $6.53, for a total amount due of $1,798.88.

J.     Attached hereto as Exhibit "J" is a copy of Invoice No. 353326, dated April 7, 2020, for legal services rendered through March 31, 2020, in the amount of $721.00, less 10%, plus expenses posted through March 31, 2020, in the amount of $6.53, for a total amount due of $655.43.

K.     Attached hereto as Exhibit "K" is a copy of Invoice No. 354493, dated May 13, 2020 for legal services rendered through April 30, 2020, in the amount of $1,320.00, less 10%, plus expenses posted through April 30, 2020, in the amount of $6.53, for a total amount due of $1,194.53.

L.     Attached hereto as Exhibit "L" is a copy of Invoice No. 355663, dated June 16, 2020 for legal services rendered through May 31, 2020, in the amount of $16,720.50, less 10%,

plus expenses posted through May 31, 2020, in the amount of $56.53, for a total amount due of $15,104.98.

      M.     Attached hereto as Exhibit "M" is a copy of Invoice No.356585, dated July 17, 2020 for legal services rendered through June 30, 2020, in the amount of $5,051.50, less 10%, plus expenses posted through June 30, 2020, in the amount of $6.53, for a total amount due of $4,552.88.

      N.     Attached hereto as Exhibit "N" is a copy of the court fees incurred by CFG in the above-captioned matter in the total amount of $350.

      3.     The fees incurred represent charges based upon the hourly billing rates of (i) Avery S. Mehlman, a partner with the firm, at the rate of $675.00, Barbaros Karaahmet, a partner with the firm, at the rate of $750.00, Carol Goodman, a partner with the firm, at the rate of $725.00, Michelle M. Sekowski, a Counsel with the firm, at the rate of $565.00; Heather Robinson, a former associate with the firm, at the rate of $450.00; Jina Moon, an associate with the firm, at the rate of $480.00; and Teresa Barrett, a paralegal with the firm, at the rate of $290.00 per hour.

      4.     I am a partner in Herrick's litigation department and was admitted to practice law in New Jersey in 2017. My practice has consisted primarily of commercial litigation and employment law. I am the attorney who has been primarily responsible for this matter, and the defense of CFG in the sexual harassment lawsuit stemming from Kantarci's actions, which is mentioned in the complaint.

      5.     Barbaros Karaahmet is a partner in Herrick's real estate and corporate departments and serves as co-chair of Herrick's Turkish Practice Group. His practice includes assisting Herrick's multinational and Turkish clients with domestic and cross-border corporate, financial, real estate and litigation matters. Mr. Karaahmet is the relationship partner and provided assistance

to obtain the relief sought in this action, and in the defense of CFG in the sexual harassment lawsuit stemming from Kantarci's actions, which is mentioned in the complaint.

6.     Carol Goodman is a partner of and co-chair of Herrick's litigation department.  Her practice focuses on complex commercial litigation and employment law for public and private companies.  She provided assistance to obtain the relief sought in this action, and in the defense of CFG in the sexual harassment lawsuit stemming from Kantarci's actions, which is mentioned in the complaint.

7.     Michelle M. Sekowski is Counsel in Herrick's litigation department.  Her practice focused on complex commercial litigation and employment law.  She provided assistance to obtain the relief sought in this action, and in the defense of CFG in the sexual harassment lawsuit stemming from Kantarci's actions, which is mentioned in the complaint.

8.     Heather K. Robinson is a former of-counsel in Herrick's litigation department.  Her practice focused on complex commercial litigation and employment law.  She provided assistance to obtain the relief sought in this action, and in the defense of CFG in the sexual harassment lawsuit stemming from Kantarci's actions, which is mentioned in the complaint.

9.     Jina Moon is an associate in Herrick's litigation department.  Her practice focuses on complex commercial litigation and employment law.  She provided assistance to obtain the relief sought in this action, and in the defense of CFG in the sexual harassment lawsuit stemming from Kantarci's actions, which is mentioned in the complaint.

10.     Teresa M. Barrett is a litigation paralegal employed by Herrick. Ms. Barrett provided assistance to obtain the relief sought in this action, and in the defense of CFG in the sexual harassment lawsuit stemming from Kantarci's actions, which is mentioned in the complaint.

11.     Due to Kantarci's bad acts, Plaintiff is entitled to recover all reasonable attorneys' fees and the costs of collection.

12.     These services and disbursements were actually rendered by Herrick, and were reasonably necessary for the representation of Plaintiff in connection with the prosecution of this action, and the defense of CFG in the sexual harassment lawsuit stemming from Kantarci's actions, from April 2019 through the present.

13.     Herrick is a regional law firm with several offices, including offices in New York, New York and Newark, New Jersey. Herrick also maintains an office in Istanbul, Turkey.  Herrick has approximately 130 attorneys, and charges rates competitive with other peer firms of similar size, stature and experience.

14.     I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Avery S. Mehlman

Dated: July 30, 2020

# *[Exhibits Redacted]*

The exhibits referred to in the above certification have been redacted due to length, but may be furnished upon request.

# EXHIBIT F

Avery S. Mehlman, Esq., Attorney ID No. 251072017
Jina Moon, Esq. Attorney ID No. 019552012
HERRICK, FEINSTEIN LLP
One Gateway Center
Newark, New Jersey 07102
(973) 274-2000

*Attorneys for Plaintiff Cosmopolitan Food Group, Inc.*

| | |
|---|---|
| COSMOPOLITAN FOOD GROUP, INC.<br><br>     Plaintiff,<br><br>   v .<br><br>BARIS KANTARCI<br><br>     Defendant. | SUPERIOR COURT OF NEW JERSEY<br>HUDSON COUNTY: LAW DIVISION<br><br>DOCKET NO.:  HUD-L-004847-19<br><br>CIVIL ACTION<br><br>**FINAL JUDGMENT BY DEFAULT<br>AGAINST BARIS KANTARCI** |

    Defendant Baris Kantarci ("Kantarci"), having been duly served with process and

a copy of the Complaint in the above-captioned action, and having been defaulted for failure to

answer, appear or otherwise move as to the Complaint; and Kantarci not being an infant or

incompetent person; and plaintiff Cosmopolitan Food Group, Inc. ("Plaintiff") having filed a

certification setting forth a particular statement of the items of the claim, including the amounts

and dates, a calculation in figures of the amount of interest, the payments or credits, if any, and the

net amount due;

    FINAL JUDGMENT is on this 11th day of September , 2020, signed and entered

in the sum of $ 484,825.76 , as of July 30 , 2020, plus attorneys' fees and costs in the amount of

$111,360.30, as of July 30, 2020, ~~plus post-judgment interest on and after the date of this Judgment~~

in favor of plaintiff, Cosmopolitan Food Group, Inc., and against Defendant upon notice to all

parties, for an Order entering default judgment in the above-captioned action; the defaulting party

has been properly served; the address for service has not changed; the time for defendant to answer

has expired and has not otherwise been extended; and it appearing that acknowledgement of

service have been filed herein; and it further appearing that no opposition to said application has

been filed; and for good cause shown;

IT IS on this ___11th___ day of ___September_____, 2020,

ORDERED that default judgment is hereby entered against defendant Baris

Kantarci.

The court considered the courtesy copy and exhibits 1 through 4 and Exhibits A through M submitted for
in camera review.  Moving party fully
complied with R. 4:43-2.  This application
was unopposed.

*Mary K. Costello*
_____

HON. MARY J. COSTELLO, J.S.C.

Total amount of judgment is $596,186.06

MKC

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEW JERSEY

In the matter of:

Debtor

Plaintiff(s)

Case No. _____

v.

Adversary No. _____

Defendant(s)

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

| Address of Clerk |
|---|
|  |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney |
|---|
|  |

If you make a motion, your time to answer is governed by Fed.R.Bankr.P. 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.

| Address | Courtroom: |
|---|---|
|  | Date and Time: |

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

James J. Waldron, Clerk

Date: _____    By: _____

Deputy Clerk

**MEDIATION OF ALL DISPUTES IS ENCOURAGED AND IS AVAILABLE PURSUANT TO D.N.J. LBR 9019-2.  THE PRACTITIONER'S GUIDE TO THE MEDIATION PROCESS IS AVAILABLE IN THE BANKRUPTCY COURT CLERK'S OFFICE, IN EACH COURTROOM, AND ON THE COURT'S WEB SITE: www.njb.uscourts.gov. THE GUIDE CONTAINS AN OVERVIEW OF THE MEDIATION PROCESS, SAMPLE FORMS, THE REGISTER OF MEDIATORS AND APPLICABLE LOCAL RULES.**

*rev.12/1/09*

# Exhibit B



U.S. Postal Service®

**U.S. Postal Service®**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

Page I
Page I

L. PORETSKY

USPS® ARTICLE NUMBER

9414 7266 9904 2109 9146 34

| | | |
|---|---|---|
| Certified Mail Fee | $ | 3.60 |
| Return Receipt (Hardcopy) | $ | 2.85 |
| Return Receipt (Electronic) | $ | |
| Certified Mail Restricted Delivery | $ | |
| Postage | $ | |
| Total Postage and Fees | $ | |

Postmark
Here

Sent to Baris Kantarci
1500 Harbor Blvd Apt 256
Weehawken, NJ 07086
US

Reference Information
16093.0005-0946

PS Form 3800, Facsimile, July 2015

# Exhibit C

# USPS Tracking®

FAQs ›

## Track Another Package +

**Tracking Number:** 9414726699042109914634

Remove ✕

Your item was delivered at 12:18 pm on March 26, 2021 in WEEHAWKEN, NJ 07086.

## ✓ Delivered

March 26, 2021 at 12:18 pm
WEEHAWKEN, NJ 07086

Feedback

**Get Updates** ⌄

**Text & Email Updates** ⌄

**Tracking History** ⌄

**Product Information** ⌄

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# Exhibit D



**U.S. Postal Service®**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*    L PORETSKY    Page 1

USPS® ARTICLE NUMBER

9414 7266 9904 2109 9146 41

| | | |
|---|---|---|
| Certified Mail Fee | $ | 3.60 |
| Return Receipt (Hardcopy) | $ | 2.85 |
| Return Receipt (Electronic) | $ | |
| Certified Mail Restricted Delivery | $ | |
| Postage | $ | |
| Total Postage and Fees | $ | |

Postmark Here

Sent to: Yakov Rudikh
Rudikh and Associates
14 Woodward Drive
Old Bridge, NJ 08857
US

16093.0005-0946 Reference Information

PS Form 3800, Facsimile, July 2015



**U.S. Postal Service®**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*    L PORETSKY    Page 1

USPS® ARTICLE NUMBER

9414 7266 9904 2109 9146 58

| | | |
|---|---|---|
| Certified Mail Fee | $ | 3.60 |
| Return Receipt (Hardcopy) | $ | 2.85 |
| Return Receipt (Electronic) | $ | |
| Certified Mail Restricted Delivery | $ | |
| Postage | $ | |
| Total Postage and Fees | $ | |

Postmark Here

Sent to: Yakov Rudikh
223 Route 18 South, Suite 204
Suite 204
East Brunswick, NJ 08816
US

Reference Information
16093.0005-0946

PS Form 3800, Facsimile, July 2015



Return Receipt (Form 3811) Barcode

9590 9266 9904 2106 4145 43

1. Article Addressed to:
Yakov Rudikh
223 Route 18 South, Suite 204
Suite 204
East Brunswick, NJ 08816
US

COMPLETE THIS SECTION ON DELIVERY
A. Signature
☐ Agent
☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery
Reference Information
16095.0005-0008

. Certified Mail (Form 3800) Article Number
p.club/index.php 04 2109 9146 58

'S Form 3811, Facsimile, July 2015        Domestic Return Receipt

---

Return Receipt (Form 3811) Barcode

9590 9266 9904 2106 4145 36

1. Article Addressed to:
Yakov Rudikh
Rudikh and Associates
14 Woodward Drive
Old Bridge, NJ 08857
US

COMPLETE THIS SECTION ON DELIVERY
A. Signature
☐ Agent
☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery
Reference Information
16095.0005-0008

2. Certified Mail (Form 3800) Article Number
zip.com/index.php 04 2109 9146 41

PS Form 3811, Facsimile, July 2015        Domestic Return Receipt

---



USPS TRACKING #

9590 9266 9904 2106 4145 43

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service®        • Sender: Please print your name, address and ZIP+4® below •

Larisa Poretsky
Herrick, Feinstein, LLP
2 Park Avenue
14th Floor
New York, NY 10016
US

---



USPS TRACKING #

9590 9266 9904 2106 4145 36

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service®        • Sender: Please print your name, address and ZIP+4® below •

Larisa Poretsky
Herrick, Feinstein, LLP
2 Park Avenue
14th Floor
New York, NY 10016
US

# Exhibit E

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 9414726699042109914641

Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 11:51 am on March 27, 2021 in OLD BRIDGE, NJ 08857.

## ⊘ Delivered, Front Desk/Reception/Mail Room

March 27, 2021 at 11:51 am
OLD BRIDGE, NJ 08857

Get Updates ⌄

Feedback

---

**Text & Email Updates** ⌄

---

**Tracking History** ⌄

---

**Product Information** ⌄

---

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs ›

## Track Another Package ✚

**Tracking Number:** 9414726699042109914658

Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 10:49 am on April 2, 2021 in OLD BRIDGE, NJ 08857.

## ⊘ Delivered, Front Desk/Reception/Mail Room

April 2, 2021 at 10:49 am
OLD BRIDGE, NJ 08857

Feedback

Get Updates ⌄

---

**Text & Email Updates**                                          ⌄

---

**Tracking History**                                              ⌄

---

**Product Information**                                           ⌄

---

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# Exhibit F

## Ginzburg, Rachel

| | |
|---|---|
| **From:** | Ginzburg, Rachel |
| **Sent:** | Wednesday, March 24, 2021 6:18 PM |
| **To:** | 'rudikhlawgroup@gmail.com' |
| **Cc:** | Smith, Steven |
| **Subject:** | RE: Cosmopolitan Food Group, Inc. v. Baris A. Kantarci (Lead Case No. 20-23720; Adv. Pro. No. 21-01214) (Bankr. D.N.J.) |
| **Attachments:** | Summons entered.pdf; Complaint Objection to Dischargeability of Debt w exhibits as filed.pdf |

Good evening,

Attached, please find the summons and complaint for Adv. Pro. No. 21-01214 (Bankr. D.N.J.). Please advise whether you will accept service via e-mail.

Thank you,
Rachel



**Rachel H. Ginzburg**
**Associate**
**Herrick, Feinstein LLP**
Two Park Avenue | New York, NY 10016
212.592.5950  Office
212.545.3311  Fax
rginzburg@herrick.com

---

**From:** Ginzburg, Rachel
**Sent:** Tuesday, March 23, 2021 3:24 PM
**To:** 'rudikhlawgroup@gmail.com' <rudikhlawgroup@gmail.com>
**Cc:** Smith, Steven <ssmith@herrick.com>
**Subject:** Cosmopolitan Food Group, Inc. v. Baris A. Kantarci (Lead Case No. 20-23720; Adv. Pro. No. 21-01214) (Bankr. D.N.J.)

Good afternoon,

Attached, please find a complaint that was filed earlier today under Lead Case No. 20-23720/Adv. Pro. Case No. 21-01214 in the Bankruptcy Court for the District of New Jersey. Can you please confirm whether you will accept service on behalf of Mr. Kantarci by e-mail?

Best,
Rachel

**Rachel H. Ginzburg**
**Associate**

1

**Herrick, Feinstein LLP**
Two Park Avenue | New York, NY 10016
212.592.5950  Office
212.545.3311  Fax
rginzburg@herrick.com

# Exhibit G

SCRA 5.8



### Status Report
### Pursuant to Servicemembers Civil Relief Act

| | |
|---|---|
| SSN: | XXX-XX-8521 |
| Birth Date: | ███-XX-1986 |
| Last Name: | KANTARCI |
| First Name: | BARIS |
| Middle Name: | |
| Status As Of: | May-20-2021 |
| Certificate ID: | YFWDBPRRR2ZJ7B5 |

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA  93955

The Defense Manpower Data Center is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.