**Caption in Compliance with D.N.J. LBR 9004-1**

HERRICK, FEINSTEIN LLP
Steven B. Smith
Avery S. Mehlman
Rachel H. Ginzburg
2 Park Avenue
New York, NY 10016
(212) 592-1400
ssmith@herrick.com
amehlman@herrick.com
rginzburg@herrick.com

*Attorneys for Plaintiff Cosmopolitan Food Group, Inc.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re<br><br>BARIS A. KANTARCI,<br><br>Debtor. | Case No. 20-23720-SLM<br><br>Chapter 7<br><br>Honorable Stacey L. Meisel |
| COSMOPOLITAN FOOD GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>BARIS A. KANTARCI<br><br>Defendant. | Adv. No. 21-01214 |

**MEMORANDUM OF LAW IN SUPPORT OF ENTRY OF
JUDGMENT BY DEFAULT AGAINST DEFENDANT BARIS A. KANTARCI**

Plaintiff Cosmopolitan Food Group, Inc. ("Plaintiff" or "CFG") is a multinational company that has been in the olive oil and gourmet foods business for more than 25 years. Baris A. Kantarci ("Kantarci" or "Defendant") is the former President of CFG whose employment was terminated

1

HF 13826603v.2

after CFG discovered that Defendant had (i) illegally imported energy drinks for his own personal benefit at CFG's expense and (ii) sexually harassed a female employee. Based on these facts, CFG brought a lawsuit against Defendant in New Jersey state court and obtained a final judgment by default for $596,186.06. Defendant thereafter filed for bankruptcy in an obvious attempt to escape the consequences for his fraudulent actions. Accordingly, CFG filed this action (the "Action"), seeking a judgment that Defendant's debt to CFG is non-dischargeable.

Defendant has defaulted and failed to respond to this Action as well. For the reasons detailed below, and in the *Certification of Steven B. Smith in Support of Entry of Judgment by Default Against Baris A. Kantarci* (the "Smith Certification"), CFG respectfully requests that the Court enter default judgment against CFG, determining that Defendant's debt to CFG is not discharged and non-dischargeable.

## Procedural Background

1. On March 23, 2021, CFG filed the *Complaint Objecting to Dischargeability of Debt Under 11 U.S.C. § 523 and for Related Relief* (ECF No. 1) (the "Complaint"),[1] which initiated this Action.

2. Despite having been properly served on March 25, 2021,[2] Defendant has not answered or moved to dismiss the Complaint.[3] Accordingly, on April 27, 2021, CFG requested that the Court enter default against Defendant.[4] Default was entered against Defendant on April 28, 2021, and to date, Defendant has not moved to vacate the Default.[5]

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Complaint
[2] *See* Smith Cert., ¶¶ 5-7.
[3] *See* Smith Cert., ¶ 13.
[4] *See* Smith Cert., ¶ 9.
[5] *See* Smith Cert., ¶¶ 10, 13.

2

3. CFG now moves for default judgment against Defendant pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to this proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Factual Background**[6]

4. Defendant was the President of CFG from around September 2010 until around July 2019, when his employment was terminated because he had sexually harassed an employee and defrauded CFG.[7]

**Kantarci sexually harassed a subordinate employee, which resulted in her quitting her job and eventually suing CFG.**

5. In February 2019, a CFG former employee (the "Former Employee") filed a lawsuit (the "Sexual Harassment Lawsuit") against CFG for sexual harassment (the "Sexual Harassment") committed against her by Kantarci while he was the President of CFG.[8]

6. The Sexual Harassment Lawsuit alleged that Kantarci consistently and repeatedly committed acts of sexual harassment against her from the day she began working for CFG, including not only the making of explicit comments, but also inappropriate and offensive touching like holding her hands, rubbing, and kissing her.[9]

7. Defendant also brought the Former Employee to a strip club while on a business trip in California, with Kantarci's conduct during the evening being so offensive that it culminated in her resignation.[10]

8. Upon information and belief, Kantarci received a demand letter (the "Demand Letter") from the Former Employee's attorney as early as January 2019 but concealed it from CFG.

---

[6] A more fulsome description of the facts can be found in the Complaint at ¶¶ 9-36.
[7] *See* Complaint, ¶ 8.
[8] *See* Complaint, ¶ 11.
[9] *See* Complaint, ¶ 12.
[10] *See* Complaint, ¶ 13.

HF 13826603v.2

Accordingly, CFG was unaware of the Sexual Harassment until it was served with the Sexual Harassment Lawsuit.[11]

9. The Company settled the Sexual Harassment Lawsuit but suffered hundreds of thousands of dollars in damages in connection with settlement, litigation costs, and other fees.[12]

**Kantarci fraudulently imported beverages into the United States using his position as President of CFG.**

10. CFG maintains shipping privileges with United States Custom and Border Protection ("CPB").[13] The importation of food and beverages into the United States is a heavily regulated activity, and imported food products are subject to scrutinous inspection by the United States Food and Drug Administration (the "FDA").[14]

11. Beginning around July 2019, the FDA sent a series of Notices of FDA Action to CFG. After a period of investigation, CFG discovered that Kantarci had unilaterally given CFG's vendor, All-Ways, approval to use CFG's shipping account for the importation of energy drinks.[15] Kantarci gave his approval without CFG's knowledge or endorsement, presumptively for his own personal benefit and with such action exposing CFG to possible legal liability and FDA action.[16]

12. To date, CFG has uncovered at least seven months during which Kantarci fraudulently imported these goods through the unauthorized use of CFG's name, resources, and privileges for his own benefit.[17] Further, Kantarci knew that the Company would not detect his unauthorized use of CFG's resources because Kantarci told less senior staff that he was the one dealing will all documents regarding arrival notices and invoices.[18]

---

[11] *See* Complaint, ¶ 18.
[12] *See* Complaint, ¶ 21.
[13] *See* Complaint, ¶ 22.
[14] *See* Complaint, ¶¶ 23-24.
[15] *See* Complaint, ¶ 26.
[16] *See id.*
[17] *See* Complaint, ¶ 27.
[18] *See* Complaint, ¶ 28.

**CFG received a state court judgment against Kantarci.**

13. In December 2019, CFG brought a civil action against Kantarci to recover substantial damages flowing from Kantarci's breach of fiduciary duties that Kantarci owed to CFG as an officer, employee, and agent of the Company, as well as for his fraud and usurpation of corporate opportunity.[19]

14. Kantarci initially had counsel in the state court proceeding, but counsel asked to be relieved because Defendant failed to cooperate in the defense of the state court complaint.[20] Thereafter, the state court entered default (and gave Kantarci thirty additional days to retain new counsel), but Kantarci never moved to vacate the default against him. On September 11, 2020, the state court entered a final judgment by default (the "State Court Final Default Judgment") against Kantarci in the amount of $596,186.06.[21]

**Legal Argument**

**I.    Standard for entry of default judgment.**

15. Federal Rule 55(b)(2) provides for entry of default judgment by the Court, which requires that the party seeking a judgment "apply to the court for a default judgment."

16. Obtaining a default judgment involves a two-step process: "[f]irst, default must actually be entered against the non-appearing party. Second, after the entry of default, the movant must request the entry of a default judgment."[22] The "general effect" of an entry of default is to "deem the allegations contained in a complaint as admitted."[23]

---

[19] *See* Complaint, ¶ 29.
[20] *See* Complaint, ¶¶ 30-31.
[21] *See* Complaint, ¶¶ 32-34. A true and correct copy of the state court Motion for Final Judgment by Default is attached to the Complaint as Exhibit E. The exhibits to the Motion for Final Judgment by Default may be furnished upon request.
[22] *In re Park*, 272 B.R. 323, 328 (Bankr. D.N.J. 2001).
[23] *Id*. at 328-29.

17. Further, to be entitled to a default judgment, the plaintiff must "demonstrate a *prima facie* case by competent evidence."[24] Accordingly, the plaintiff's allegations must be sufficient to state a claim for relief.[25] "When considering the entry of final judgment, [the Court] must accept all the factual allegations contained in the complaint as true."[26]

18. While entry of a default judgment is largely within the Court's discretion (and its decision will not be overturned unless there is an abuse of discretion), three factors control this determination: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."[27]

19. Here, as more fully set forth below, Plaintiff has demonstrated that Defendant's debt to CFG is non-dischargeable. Moreover, each of the factors that the Court must weigh in determining whether to enter a default judgment weighs in Plaintiff's favor: (i) Plaintiff will be prejudiced if default is denied because Plaintiff has already obtained a judgment against Defendant, collection of which has already been significantly delayed by Defendant's bankruptcy filing, (ii) there does not appear to be a litigable defense (or, at least, Defendant has not appeared in either state court or this Court to present such a defense), and (iii) Defendant's delay in responding is now, and was in state court, entirely his own doing. Accordingly, CFG respectfully requests that the Court enter default judgment against Defendant, deeming his debt to CFG was not discharged by Defendant's bankruptcy and is non-dischargeable.

---

[24] *In re Torres*, 2017 WL 3316052 at *35 (Bankr. D.N.J. June 15, 2017).
[25] *Id*.
[26] *Id*. at *36.
[27] *Id*. at *35.

**II.    CFG's claim is non-dischargeable under Bankruptcy Code section 523(a)(2)(A) because it arises out of Defendant's fraudulent representations and actions.**

20.     Bankruptcy Code section 523(a)(2)(A) specifies that a discharge under Bankruptcy Code section 727 does not discharge an individual debtor from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . ."[28]

21.     To prevail on a claim under Bankruptcy Code section 523(a)(2)(A), a party must prove by a preponderance of the evidence that:

> (1) the debtor made a misrepresentation; (2) at the time, the debtor knew the misrepresentation was false; (3) the debtor made the misrepresentation with the intent and purpose of deceiving the creditor; (4) the creditor relied on the misrepresentation; and (5) the creditor sustained the alleged loss and damages as a proximate result of the misrepresentation.[29]

22.     "False pretenses" or "false representations" include "implied misrepresentations or omissions by a debtor that foster a false impression."[30] Indeed, "the most common type of fraud for purposes of subsection 523(a)(2)(A) involves a deliberate misrepresentation or a deliberately misleading omission."[31] Accordingly, "bankruptcy courts have overwhelmingly held that a debtor's silence regarding material facts can constitute a false representation actionable under section 523(a)(2)(A)."[32]

23.     Here, Defendant made false representations, including implied misrepresentations and omissions fostering a false impression of material facts (i) about using CFG's relationship

---

[28] 11 U.S.C. § 523(a)(2)(A).
[29] *In re Russo*, 2019 WL 117469 at *23 (Bankr. D.N.J. Jan. 4, 2019) (quoting *In re Reath*, 368 B.R. 415, 423 (Bankr. D.N.J. 2006)).
[30] *Id*.
[31] *Id*.
[32] *Id*.

7

with All-Ways to import energy drinks for his own personal benefit; and (ii) when he failed to tell anyone at CFG about the Sexual Harassment and when he concealed the Demand Letter from CFG.

    i.      Fraudulently Importing Energy Drinks

24. Defendant made false representations, including implied misrepresentations and omissions fostering a false impression of material facts, when he unilaterally gave All-Ways approval to use CFG's shipping account for the importation of energy drinks to the United States for his own personal benefit.[33]

25. Kantarci knew, at all times, that his representations and omissions to All-Ways and his omissions to CFG were false.[34]

26. Defendant made this misrepresentation with the intent and purpose of deceiving CFG and with the intent to use CFG's resources for personal gain.[35]

27. CFG relied on Kantarci's misrepresentation and omissions and continued to employ Kantarci as President while he fraudulently used CFG's relationship with All-Ways to import energy drinks for his own personal benefit.[36]

28. CFG ultimately sustained loss and damages as a direct and proximate result of Kantarci's misrepresentations and omissions with respect to the importation of energy drinks, which misrepresentations fostered a false impression of material facts.[37]

---

[33] *See* Complaint, ¶¶ 22-28, 38.
[34] *See* Complaint, ¶ 40.
[35] *See* Complaint, ¶ 41.
[36] *See* Complaint, ¶ 41.
[37] *See* Complaint, ¶ 42.

8

    ii.      Sexual Harrassment

29. Defendant made false representations, including implied misrepresentations or omissions that fostered a false impression, when he failed to tell anyone at CFG about the Sexual Harassment and when he concealed the Demand Letter from CFG.[38]

30. Kantarci knew, at all times, that his representations and omissions with respect to the Sexual Harassment and Demand Letter were false.[39]

31. Kantarci made the misrepresentations about the Sexual Harassment and the Demand Letter with the intent and purpose of deceiving CFG, presumably so he would not lose his position as President of CFG.[40]

32. CFG relied on Kantarci's omission with respect to the Sexual Harassment and the Demand Letter and continued to employ Kantarci in his capacity as President. Indeed, once alerted to the Sexual Harassment, CFG investigated the allegations and terminated Kantarci's employment in July 2019.[41]

33. CFG sustained loss and damages as a direct result of Kantarci's misrepresentation with respect to the Sexual Harassment and the Demand Letter.[42]

34. Accordingly, the Court should find that CFG's claim is a debt for money obtained by Defendant's false representations and is non-dischargeable under Bankruptcy Code section 523(a)(2)(A).

---

[38] *See* Complaint, ¶¶ 11-21, 45.
[39] *See* Complaint, ¶ 46.
[40] *See* Complaint, ¶ 47.
[41] *See* Complaint, ¶ 48.
[42] *See* Complaint, ¶ 49

9

**III. CFG's claim is non-dischargeable under Bankruptcy Code section 523(a)(4) because the claim arises out of Defendant's engaging in fraud while acting in a fiduciary capacity.**

35. Bankruptcy Code section 523(a)(4) directs that a discharge under Bankruptcy Code section 727 does not discharge an individual from any debt "for fraud or defalcation while acting in a fiduciary capacity . . . ."[43]

36. To except a debt from discharge for fraud or defalcation in a fiduciary capacity, "a plaintiff must prove the existence of (i) a fiduciary relationship and (ii) that a fraud or defalcation occurred while the debtor acted in a fiduciary capacity."[44]

37. The scope of the term "fiduciary" in the context of section 523(a)(4) is "limited to instances involving express or technical trusts."[45] Accordingly, "an officer of a company may be liable where he misappropriated corporate funds."[46]

38. Here, Kantarci was President of CFG[47] and acted as a fiduciary with respect to his position at CFG.[48]

39. Fraud, for purposes of section 523(a)(4), is the same as is required for purposes of section 523(a)(2)(A).[49] Accordingly, if the Court finds that Kantarci committed fraud for purposes of Bankruptcy Code section 523(a)(2)(A), Kantarci's actions would also be fraudulent for purposes of section 523(a)(4).

---

[43] 11 U.S.C. § 523(a)(4).
[44] *Brown v. Konicoff*, 2018 WL 3202995 at *4 (Bankr. D.N.J. June 20, 2018) (citing *In re Guarracino*, 575 B.R 298, 310-11 (Bankr. D.N.J. 2017)).
[45] *In re Kaczynski*, 188 B.R. 770, 773 (Bankr. D.N.J. 1995).
[46] *In re Nader*, 2012 WL 1614856 at *5 (Bankr. D.N.J. May 9, 2012).
[47] *See* Complaint, ¶ 10.
[48] *See* Complaint, ¶ 52.
[49] *Russo*, 2019 WL 117469 at *30.

10

40. The Court should find that CFG's claim is a debt for money obtained by Defendant's fraud while acting in a fiduciary capacity and is non-dischargeable under Bankruptcy Code section 523(a)(4).

**IV.   CFG's claim is non-dischargeable under Bankruptcy Code section 523(a)(4) because the claim arises out of Defendant's embezzlement.**

41. Bankruptcy Code section 523(a)(4) also states that a discharge under Bankruptcy Code section 727 does not discharge an individual from any debt for embezzlement.[50]

42. For purposes of Bankruptcy Code section 523(a)(4), "embezzlement is defined as the fraudulent conversion of the property of another by one who is already in lawful possession of it."[51] To find that embezzlement occurred, a court must find that: (1) the debtor was entrusted; (2) with property; (3) of another; (4) which the debtor appropriated for his own use; (5) with fraudulent intent.[52]

43. Here, Kantarci was entrusted with CFG's money, partner connections, and shipping privileges with CPB, all of which he misappropriated for his own use to illegally ship energy drinks to the United States for his own personal gain.[53] Kantarci misappropriated CFG's property with fraudulent intent, knowing that his behavior was improper and violated the fiduciary duties he owed to CFG.[54]

44. Accordingly, the Court should find that CFG's claim is a debt for money obtained by Defendant's embezzlement and is non-dischargeable under Bankruptcy Code section 523(a)(4).

---

[50] 11 U.S.C. § 523(a)(4).
[51] *Russo*, 2019 WL 117469 at *32.
[52] *Id*.
[53] *See* Complaint, ¶ 57.
[54] *Id*.

11

> **V.    CFG's claim is non-dischargeable under Bankruptcy Code section 523(a)(6) because Defendant purposely inflicted injury on CFG in such a manner that he was substantially certain that injury would result.**

45.    Finally, Bankruptcy Code section 523(a)(6) directs that a discharge under Bankruptcy Code section 727 does not discharge an individual from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity . . . ."[55]

46.    "Courts have found that an injury fits within this definition when an actor purposefully inflicts the injury or acts in such a manner that he is substantially certain that injury will result."[56] Put differently, section 523(a)(6) "requires the plaintiffs to prove that the debt arose from willful harm done with the intent to cause injury."[57]

  i.    Sexual Harassment

47.    Defendant inflicted the Sexual Harassment in such a manner that he was substantially certain that injury would result to the Former Employee and to CFG, as evidenced by the fact that he purposefully refrained from telling CFG about his behavior or the Demand Letter.[58]

48.    Indeed, Defendant's actions had the purpose of producing injury to CFG.[59] Defendant damaged CFG's reputation and CFG had to bear the costs of a settlement with the Former Employee.[60] Defendant's behavior towards the Former Employee was malicious and committed with wanton and willful disregard of both the Former Employee's person and CFG.

  ii.    Fraudulently Importing Energy Drinks

49.    Defendant's actions in using CFG's relationship with All-Ways to import energy drinks for his own personal benefit were inflicted in such a manner that he was substantially certain

---

[55] 11 U.S.C. § 523(a)(6).
[56] *In re Browning*, 2020 WL 998756 at *4 (Bankr. D.N.J. Feb. 28, 2020).
[57] *Id*.
[58] *Complaint*, ¶ 60.
[59] *Id*.
[60] *Id*.

that injury would result to CFG and its property and had the purpose of producing injury to CFG and its property.[61] Defendant knew that his actions would result in injury to CFG.[62]

50. Accordingly, the Court should find that CFG's claim is a debt for money obtained by willful and malicious injury by Defendant to the Former Employee, to CFG, and to CFG's property, and is non-dischargeable under Bankruptcy Code section 523(a)(6).

## Conclusion

**WHEREFORE**, for the reasons set forth herein, CFG respectfully requests that the Court (i) enter default judgment against CFG, determining that Defendant's debt to CFG is not discharged by Defendant's bankruptcy and is non-dischargeable; and (ii) grant such other and further relief as the Bankruptcy Court may deem just, proper, and equitable.

Dated: New York, New York
June 11, 2021

Respectfully submitted,

**HERRICK, FEINSTEIN LLP**

/s/ Steven B. Smith
Steven B. Smith
Avery S. Mehlman
Rachel H. Ginzburg
2 Park Avenue
New York, NY 10016
(212) 592-1400
(212) 592-1500 (fax)
E-mail: ssmith@herrick.com
      amehlman@herrick.com
      rginzburg@herrick.com

*Attorneys for Plaintiff Cosmopolitan Food Group, Inc.*

---

[61] *Id.*, ¶ 63.
[62] *Id.*