**Caption in Compliance with D.N.J. LBR 9004-1**

HERRICK, FEINSTEIN LLP
Steven B. Smith
Zachary Denver (*pro hac vice* pending)
Rachel H. Ginzburg
2 Park Avenue
New York, NY 10016
(212) 592-1400
ssmith@herrick.com
zdenver@herrick.com
rginzburg@herrick.com

*Attorneys for Plaintiff Cosmopolitan Food Group, Inc.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF JERSEY

| | |
|---|---|
| In re<br><br>BARIS A. KANTARCI,<br><br>Debtor. | Case No. 20-23720-SLM<br><br>Chapter 7<br><br>Honorable Stacey L. Meisel |
| COSMOPOLITAN FOOD GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>BARIS A. KANTARCI<br><br>Defendant. | Adv. No. 21-01214 |

**PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL FOR PROOF HEARING**

Cosmopolitan Food Group, Inc. ("CFG"), by and through its undersigned counsel, Herrick, Feinstein LLP, respectfully submits this motion (the "Motion to Seal") to file certain documents under seal to be used as exhibits in connection with the proof hearing set for September 30, 2021

1

at 10:00 a.m. (ET) in the adversary proceeding against Baris A. Kantarci ("Defendant"), and respectfully represent as follows:

**REQUEST FOR RELIEF**

1. CFG filed a complaint against Defendant objecting to the discharge of his debt pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6) on March 23, 2021.

2. CFG seek to except from discharge a default judgment obtained in New Jersey state court (the "State Court Judgment").

3. Defendant is CFG's former President. While employed at CFG, Defendant sexually harassed a female employee ("Former Employee") so egregiously that she quit after just five days on the job. Defendant also illegally imported energy drinks using his position as CFG's President for his own benefit and at CFG's expense. Based on these facts and the damages CFG suffered therefrom, CFG brought a lawsuit and obtained the State Court Judgment.

4. Because Defendant's sexual assault of the Former Employee underlies CFG's request to exclude debts owed to CFG from discharge, CFG seeks to file its exhibits for use in the proof hearing under seal pursuant to 11 U.S.C. § 107(b) and D.N.J. LBR 9018-1.

5. Specifically, CFG will rely on evidence that describes and shows Defendant's sexual assault. This Motion to Seal seeks to protect Former Employee's privacy by keeping that information confidential.

6. Therefore, CFG seeks to file proposed Exhibits A and B (the "Confidential Exhibits") with the Court under seal, so that the Confidential Exhibits are available only to the Court itself on a confidential basis.

7. Section 107(b)(2) of title 11 of the United States Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") permits documents to filed under seal to

2

"protect a person with respect to scandalous or defamatory matter contained in a paper filed" in a bankruptcy case.

8. There is a dearth of case law on the subject of what constitutes "scandalous" matter for the purpose of filing information under seal.[1] Some courts outside the Third Circuit apply the definition in Federal Rule of Civil Procedure 12(f) which includes information that improperly casts a derogatory light on someone or an allegation that unnecessarily reflects the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.[2] Information concerning sexual assault is properly sealed pursuant to this rule.[3]

9. Here, sealing the Confidential Exhibits will protect both Former Employee and Defendant from disclosure of information concerning the scandalous matter.

10. Bankruptcy Rule 9018 and D.N.J. LBR 9018-1 permit the Motion to Seal to be made *ex parte*, subject to later objection by any party seeking access to the sealed documents.

11. Therefore, CFG respectfully submits that under the circumstances presented here, CFG is entitled to protect the Confidential Exhibits, while still making them available to the Court, or any other party in interest who has a proper need for access to the information.

---

[1] *In re OneJet, Inc.*, 613 B.R. 841, 851 (Bankr. W.D. Pa. 2020).
[2] *See* 5A C. Wright and A. Miller, Federal Practice and Procedure (Civil) 2d § 1382 (1990); 2 Moore's Federal Practice § 12.37[3].
[3] *See, e.g.*, *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 431-33 (9th Cir. 2011).

## **CONCLUSION**

WHEREFORE, CFG respectfully requests that the Court (i) grant the Motion to Seal, (ii) enter the proposed order attached hereto as **Exhibit A** and (iii) grant such further relief as this Court deems just and proper under the circumstances.

Dated: New York, New York  
       September 16, 2021

Respectfully submitted,

**HERRICK, FEINSTEIN LLP**

*/s/ Steven B. Smith*  
Steven B. Smith  
Zachary Denver (*pro hac vice* pending)  
Rachel H. Ginzburg  
2 Park Avenue  
New York, NY 10016  
(212) 592-1400  
(212) 592-1500 (fax)  
E-mail: ssmith@herrick.com  
        zdenver@herrick.com  
        rginzburg@herrick.com

*Attorneys for Plaintiff Cosmopolitan Food Group, Inc.*

HF 14011343v.4

# **Exhibit A**

**(Proposed Order)**

HF 14011343v.4