# **Exhibit G**

Avery S. Mehlman, Esq., Attorney ID No. 251072017
Jina Moon, Esq. Attorney ID No. 019552012
HERRICK, FEINSTEIN LLP
One Gateway Center
Newark, New Jersey 07102
(973) 274-2000

*Attorneys for Plaintiff Cosmopolitan Food Group, Inc.*

| | |
|---|---|
| COSMOPOLITAN FOOD GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>BARIS KANTARCI<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>HUDSON COUNTY: LAW DIVISION<br><br>DOCKET NO.: HUD-L-004847-19<br><br>CIVIL ACTION<br><br>**CERTIFICATION OF AMOUNT DUE** |

GREG TOBIAS, of full age, hereby certifies as follows:

1.    I am the General Manager of Cosmopolitan Food Group, Inc. ("Cosmopolitan"), the plaintiff in this action. As such, I am fully familiar with the facts and circumstances set forth herein and am authorized to make this Certification of Amount Due in support of Plaintiff's application for entry of final judgment against Defendant Baris Kantarci ("Kantarci") in the total amount of ███████

2.    Upon information and belief, Kantarci is an individual and resident of the State of New Jersey, with an address at 1500 Harbor Blvd., Apt. 524, Weehawken, New Jersey 07086.

**BACKGROUND**

3.    Cosmopolitan brought this action to recover from its former President, Baris Kantarci ("Kantarci"), the substantial damages flowing from Kantarci's breach of fiduciary duties, including the duties of loyalty and good faith, that Kantarci owed to Cosmopolitan as an officer,

employee and agent of Cosmopolitan. Cosmopolitan also seeks recovery from Kantarci for his fraud and usurpation of corporate opportunity.

***Damages Resulting From Sexual Harassment Claim Against Kantarci***

4. During his tenure as President of Cosmopolitan, Kantarci reported directly to Cosmopolitan's Board of Directors. However, during that time, Kantarci behaved antithetically to any basic expectations of a fiduciary, Cosmopolitan's policies, and the corporate culture.

5. First, Kantarci sexually harassed a female employee exposing Cosmopolitan reputationally and financially in a publicly filed lawsuit. That female employee filed a legal claim in late February 2019 for blatant and egregious sexual harassment committed by Kantarci during his employment with Cosmopolitan.

6. To wit, the female in issue was employed by Cosmopolitan for only five days in the beginning of January 2019.

7. During her short tenure, Kantarci consistently and repeatedly committed acts of sexual harassment against her, including not only the making of explicit comments but also engaged inappropriate and offensive touching like holding her hands, rubbing and kissing her.

8. For example, on just her fourth day of employment, Kantarci brought her to a strip club while on a business trip in California, with Kantarci's conduct during the evening being so offensive that it culminated in her resignation, early flight home, and the filing of a police report in New Jersey. The female employee provided Cosmopolitan with video of certain of Kantarci's conduct.

9. Cosmopolitan was not aware of these issues until it found itself the subject of a lawsuit filed against it.

10. Indeed, upon information and belief, Kantarci received a demand letter from the victim's attorney as early as January 2019, but concealed it from Cosmopolitan.

11. Once alerted to the situation, Cosmopolitan investigated the allegations.

12. In attempts to bargain for his continued employment with Cosmopolitan, Kantarci in the first instance offered to pay all or part of any settlement or judgment against Cosmopolitan but thereafter withdrew such commitment. Cosmopolitan, at any rate, relegated Kantarci to working remotely and thereafter fully and finally terminated his employment as of July 25, 2019.

13. Cosmopolitan was able to settle the claims for sexual harassment for ▮▮▮▮ with the case in issue being closed in or about September 2019. A true and correct copy of the wire transfers to complainant's counsel in the sexual harassment action is attached hereto as **EXHIBIT 1**. Additionally, as explained in the Certificate of Attorneys' Fees, Cosmopolitan suffered damages in the form of litigation costs and other fees.

### *The Unauthorized Importation of Beverages Into The United States*

14. Cosmopolitan is in the business of importing goods into the United States. As such, Cosmopolitan maintains shipping privileges with United States Customs and Border Protection ("CPB").

15. The importation of food and beverages into the United States is not an insignificant commercial business but instead a heavily regulated activity. Importers of food products intended for introduction into U.S. interstate commerce are responsible for ensuring that the products are safe, sanitary, and labeled according to U.S. requirements. Therefore, imported food products are subject to FDA inspection when offered for import at U.S. ports of entry.

16. Beginning on or around July 19, 2019, the FDA began sending a series of Notices of FDA Action regarding a hold designated over energy drinks for which Cosmopolitan was the alleged importer and consignee.

17. Upon investigation, it was uncovered that Kantarci had used Cosmopolitan's shipping privileges with United States Customs and unilaterally gave Cosmopolitan's vendor, All-Ways, approval to use Cosmopolitan's shipping account for the importation of the energy drinks from exporters in Poland, the Netherlands and South Africa, presumably for his own personal benefit and without Cosmopolitan's approval or knowledge.

18. As of the date of that the Complaint was filed, Cosmopolitan has uncovered no less than seven months (from at least January – July 2019) during which Kantarci was clandestinely and intentionally importing goods through the improper and entirely unauthorized use of Cosmopolitan's name, resources, and privileges for his own benefit and exposing Cosmopolitan to possible legal liability and/or FDA action.

19. Kantarci concealed his wrongdoing in utter disregard for his duties and obligations as an officer, employee and agent of Cosmopolitan. He knew that Cosmopolitan would not detect his unauthorized use of Cosmopolitan's name, resources and privilege because Kantarci told less senior staff that he was the one dealing with all documents regarding arrival notices and invoices.

20. Kantarci wrongfully and intentionally engaged in these actions and in doing so breached the trust placed in him by Cosmopolitan and abused his power and his position for his own personal benefit. Kantarci additionally concealed his wrongdoing in utter disregard for his duties and obligations. His misconduct has substantially damaged Cosmopolitan.

21. Because of Kantarci's unauthorized activity, Cosmopolitan was fined liquidated damages in the amount of ███████. A true and correct copy of the Department of Homeland

Security, U.S. Customs and Border Protection, Notice of Penalty or Liquidated Damages Incurred and Demand for Payment 19 USC 1618 and 19 USC 1623 is attached hereto as **EXHIBIT 2**.

***Disgorgement of Compensation***

22. Because Kantarci breached his fiduciary duties to Cosmopolitan, including the duties of loyalty and good faith, Cosmopolitan is owed the forfeiture and disgorgement of all compensation paid to Kantarci, including salary, bonus payments, and other payments and benefits during the period in which he acted adversely to Cosmopolitan, which occurred at least since January 2019.

23. According to Plaintiff's books and records, Kantarci was paid a gross amount of ▮▮▮ (net amount of ▮▮▮) for his employment from January 1, 2019 through July 25, 2019, when he was terminated. A true and correct copy of Kantarci's W-2 showing his total wages for his employment in 2019 is attached hereto as **EXHIBIT 3**.

24. According to Plaintiff's books and records, Cosmopolitan paid a total of ▮▮▮ for his health benefits. A true and correct copy of the Horizon Blue Cross Blue Shield bills showing the payments Cosmopolitan made on behalf of Kantarci is attached hereto as **EXHIBIT 4**.

25. Kantarci is not an infant or incompetent person.

26. There are no just debts, set-offs, credits or allowances due or to become due from Cosmopolitan to Kantarci, other than those set forth herein.

27. Kantarci is not in the military service of the United States of America, as noted in the Certification in Support of Entry of Final Judgment By Default Against Defendant Baris Kantarci.

28. This claim is not based upon a writ of attachment, capias ad respondendum, replevin, or upon the sale of chattel which has been repossessed peaceably or by legal process.

29. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
GREG TOBIAS

Dated:    July 15, 2020